## 24433.   LARSEN v. LARSEN.

FRANKUM, Justice.   1.   Where it appears from the allegations of the appellee's traverse of the entries of filing entered on the appellant's enumeration of errors by the clerk of this court, and admitted by the clerk, that the enumeration of errors had not been filed in the office of the clerk as of the usual close of business on the last day on which such paper could legally be filed, which was Friday, December 1, 1967, but that "at some time before midnight" on that day the same was handed to the clerk at his home, where he made the following entry thereon: "Filed December 1, 1967" and signed it as clerk, and where the clerk retained the same until Monday, December 4, 1967, when he brought the document to his office, placed it in a manuscript cover upon which he entered "Filed in Office Dec. 1, 1967.   Henry H. Cobb C.S.C. Ga.," the motion of the appellee to dismiss the appeal because the enumeration of errors was not timely filed is, on the authority of *McDaniel v. Columbus Fert. Co.*, 109 Ga. 284 (2) (34 SE 598) denied.

2.   Formal defects in the enumeration of errors, such as the failure to use paper of the dimensions prescribed by the rules of this court and to provide a manuscript cover, and the failure to allow margins at the top, bottom, and sides of each page of such document of the dimensions prescribed by the rules, and the failure to double-space the lines of the manuscript, and the filing of such document written in longhand with pen and ink rather than typewritten, are not grounds for dismissing the appeal.   Accordingly, the several grounds of the motion to dismiss the appeal are without merit and are denied.

3.   The agreement as set forth in the statement of facts related solely to "matters of child custody, alimony, support, property rights and related matters."   While the agreement shows upon its face that it was entered into in contemplation that a divorce action might later be filed by one of the parties, there is nothing in it which can be construed as an agreement respecting divorce, if indeed such an agreement could legally be made (see *Code* § 30-109), and it therefore cannot be construed as constituting "the appearance of the parties therein as to" a subsequently filed suit for divorce.   Therefore, where the record discloses that the defendant was never served with a copy of the complaint and the summons at-

tached thereto, that the defendant has not waived service or made a general appearance in the case such as would authorize the inference that she had waived service, there was never a valid pending suit (*Jones v. Bibb Brick Co.*, 120 Ga. 321, 324 (1) (48 SE 25); *Jordan v. Bosworth*, 123 Ga. 879 (51 SE 755)), and the trial court never acquired jurisdiction over her person. It follows that the divorce decree rendered on the 12th day of October was therefore utterly void and must be set aside. See *McGhee v. Mayor &c. of Gainesville*, 78 Ga. 780 (1) (3 SE 670).

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 8, 1968—DECIDED MARCH 7, 1968.

*Adams, O'Neal, Steele, Thornton & Hemingway, Kice H. Stone, Robert S. Slocumb*, for appellant.

*W. W. Larsen, Jr., Eric L. Jones*, for appellee.

W. W. Larsen, Jr., on September 11, 1967, filed suit for divorce against his wife, Jewel H. Larsen. Attached to the complaint as an exhibit was an agreement alleged to have been entered into between the plaintiff and the defendant and referred to in the complaint as a "separation agreement." This agreement is dated September 9, 1967. In it the plaintiff and the defendand undertook to "settle with each other . . . all matters of child custody, alimony, support, property rights and related matters." The final paragraph of the agreement is as follows: "As to any litigation as to alimony, child custody, etc., the filing of this agreement (after the same has been executed and delivered each to the other by the parties) shall be deemed to constitute a stipulation and agreement as to such matters herein agreed upon, and the filing of this agreement shall constitute the appearance of the parties therein as to such matters." A summons was attached to the complaint but neither the complaint nor the summons was served on the defendant and the defendant filed no defensive pleadings and made no appearance in the matter. On October 12, 1967, the court rendered a decree granting to the plaintiff a total divorce. The appeal is from that judgment.