67391. FORSYTH v. BRAZIL et al.

BIRDSONG, Judge.

This is an appeal from the trial court's order granting appellee's motion to dismiss appellant's complaint on the ground that this action is barred by the statute of limitation. The complaint, which was filed on June 4, 1982, arose from a vehicular accident that occurred on June 6, 1980. Service on appellee was perfected on December 1, 1982. Appellee is the only one of three named defendants upon whom service was accomplished. After receiving evidence in the form of affidavits and hearing oral argument, the trial court concluded that appellant had failed to exercise reasonable diligence and was guilty of laches in perfecting service upon appellee. Accordingly, the trial court dismissed the complaint against appellee on the basis of the statute of limitation. The sole issue presented by appellant's two enumerations of error is whether the timely filed complaint was perfected by the exercise of reasonable diligence in effecting service upon appellee so as to toll the two-year statute of limitation applicable to this personal injury action. It is undisputed that though the action was filed within the applicable limitation period, it was not served on appellee until 177 days after the running of that limitation period.

The principle of law controlling our decision in this case is well-settled: Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if "the plaintiff [shows] that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360). "A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." Id. See also *Bowman v. U. S. Life Ins.*

*Co.,* 167 Ga. App. 673 (3) (307 SE2d 134); *Smith v. Griggs,* 164 Ga. App. 15 (2) (296 SE2d 87); *Early v. Orr,* 135 Ga. App. 887 (219 SE2d 622). The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. Id.

A review of the evidence before the trial court on appellee's motion in this case reveals no basis supporting appellant's contention that the trial court abused its discretion in dismissing his claim. Evidence supporting the court's determination shows that appellant's counsel had information as early as March 29, 1982, that appellee was residing in Newnan, Georgia, under the last name of Brazil. Although appellant hired two private investigator services to attempt to locate appellee, neither appellant nor anyone on his behalf traveled to the Newnan area until November 24, 1982. During the entire time period from the filing of the complaint until service, appellee lived openly in Coweta County. There was no evidence that she concealed herself, removed herself from the jurisdiction for a prolonged period of time, or attempted to avoid service in any way.

The trial judge's order clearly indicates that he exercised his discretion and found that the delay in service was attributable to the plaintiff's failure to exercise reasonable diligence and that the plaintiff was guilty of laches. The record clearly demonstrates no abuse of that discretion. Accordingly, the order of the trial court must be affirmed. *Bible v. Hughes,* 146 Ga. App. 769 (247 SE2d 584).

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 4, 1984.

*Faye D. Levine,* for appellant.
*Stephen L. Cotter, Sergio Alvarez-Mena,* for appellees.