69591. PEEK v. DUFFY.
(324 SE2d 795)

DEEN, Presiding Judge.

Appellant Peek brought dispossessory proceedings against Mary Duffy to regain possession of rental property. Appellee answered denying that a demand for possession had been made prior to the service of the dispossessory warrant, that she is a tenant at sufferance or that she is indebted to Peek. She admitted she was in possession of the premises and counterclaimed contending that during her tenancy Peek wrongfully charged her and accepted from her payment of $26 per month or a total of $390 as her portion of the rent is $0.00 per month based upon her income and family composition. In the second count of her counterclaim she alleged that when the apartment was rented it had a functioning air conditioner which failed to work properly during her tenancy, that she advised Peek and his agents of the problem and that the value of her apartment had been reduced in value by $25 per month for four months in 1982 and three months in 1983 for a total reduction value of $200. The second count of the

counterclaim was later amended to include an allegation that Peek violated the Atlanta Housing Code as to heating facilities which never functioned properly during the cold weather months of 1982, 1983, and 1984, and that the defendant had repeatedly informed the plaintiff and his agents of this problem. She alleged that she suffered $100 in general damages and $2,860 in the diminished value of the apartment for the months she was without heat and $250 for the months she was without air conditioning. She also sought $10,000 in punitive damages.

The case was placed on the non-jury calendar and, after a bench trial, the court entered findings of fact and conclusions of law and found that because the plaintiff failed to appear the court granted the defendant's motion to dismiss the dispossessory pleading. The court then heard evidence on the counterclaim, made the statutorily required findings of fact and conclusions of law, and awarded defendant $364 on her first counterclaim, awarded her $1,000 in general damages arising from a tort violation of the Atlanta Housing Code and $2,000 in punitive damages.

1. Appellant contends that the trial court erred in granting appellee's motion to dismiss on the ground that the plaintiff was not present because his counsel was present and announced "ready." A transcript was not included in the record on appeal and there is nothing in the record to indicate whether appellant objected to the defendant's motion to dismiss. This court must therefore presume the ruling of the court below to be correct. *Hammond v. State of Ga.*, 168 Ga. App. 508 (308 SE2d 701) (1983).

2. We have examined the record and find that the trial court made complete findings of fact and conclusions of law as required under OCGA § 9-11-52.

3. As there is absolutely no merit to this appeal and it appears that the appeal was filed solely for purposes of delay, this court grants appellee's motion for 10% damages for a frivolous appeal as provided under OCGA § 5-6-6 (Code Ann. § 6-1801).

*Judgment affirmed. Sognier, J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED DECEMBER 3, 1984.

James F. Peek, *pro se.*
*Carolyn S. Weeks*, for appellee.