### 70481. GIFFEN et al. v. BURRELL.
### 70562. DOE v. BURRELL.
#### (335 SE2d 616)

DEEN, Presiding Judge.

C. V. Burrell was involved in an automobile accident on February 21, 1983, with an automobile owned by John Giffen. The driver of the Giffen automobile did not stop at the scene of the accident, and Giffen was identified as the owner of the vehicle when the license tag was checked. Burrell's attempts to locate Giffen were unsuccessful, and on February 16, 1984, he filed an action in Habersham County to recover uninsured motorist benefits under his insurance policy, pursuant to the provisions of OCGA § 33-7-11 (d) and (e) naming John Doe and John C. Giffen as defendants; he served Allstate Insurance Company. The trial court permitted the plaintiff to serve Giffen and John Doe by publication, as provided under OCGA § 33-7-11 (3). Allstate filed responsive pleadings on behalf of Giffen and John Doe and denied venue. Approximately three weeks later, Allstate filed an amendment alleging that Giffen was a resident of either DeKalb or Lowndes County. On April 11, 1984, after receiving actual knowledge of the lawsuit, Giffen answered by filing responsive pleadings and a motion to dismiss, asserting improper venue, insufficiency of process, and insufficiency of service of process. The motion was accompanied by Giffen's affidavit stating that he had been a resident of Dublin, Laurens County, continuously since August 1, 1982; that he was presently a resident and "domiciliary" of the Veteran's Administration Hospital in Dublin; and that he had made no attempt to conceal himself. Allstate filed a motion to dismiss on behalf of John Doe on August 10, 1984.

A hearing on the motion to dismiss was held on September 10,

1984. The hearing was not transcribed, but all counsel were present and evidence was presented to the court. At the hearing, an affidavit of Giffen's son, dated April 5, 1984, was presented which stated that Giffen was the driver of the automobile involved in an accident on February 21, 1983; that Giffen had resided either with him in Stone Mountain or at the Veteran's Hospital in Dublin for the past two years, and that Giffen used his son's Stone Mountain address as his mailing address. Appellee argues that by the date of the hearing he was faced with approximately five possible counties in which to serve the appellant, that under OCGA § 33-7-11 (d) (1) an unknown hit and run driver may be sued in either the county where the accident occurred or in the county of the plaintiff's residence, and that he perfected personal service as soon as he could determine Giffen's residence. In a letter brief to the court on September 17, 1984, appellant's counsel stated, "At the request of the court, I have spoken with Mr. Giffen since the hearing and verified that he still resides and is now employed in Dublin, Laurens County, Georgia. Shortly thereafter personal service was made upon Giffen. Giffen was granted an interlocutory appeal to review the order of the court which denied his motion to dismiss. He claims the trial court erred because the appellee did not exercise due diligence in perfecting service of process, and therefore the service did not relate back to the filing of the original complaint so as to avoid the running of the statute of limitations.

1. After reviewing the rather confusing record in this case, we find that the trial court did not err in finding that appellee exercised due diligence in perfecting service of process. The court found that "the record clearly indicates that [plaintiff] used due diligence in attempting to locate Giffen and pursued every reasonable available channel of information within the meaning of *Abba Gana v. Abba Gana*, 251 Ga. 340 (1983)," and further found that "the rights of the defendant have not been prejudiced by the delay in service." As the hearing was not transcribed, we cannot determine what oral testimony was presented to the court, what questions the court asked as to the reasons service was not perfected until five months after appellant filed his affidavit, and the reasons given by counsel for his actions. We can only presume that the court's ruling was correctly based on all the evidence presented. See *Peek v. Duffy*, 172 Ga. App. 834 (324 SE2d 795) (1984). Whether a plaintiff is guilty of laches in failing to exercise due diligence in perfecting service after the statute of limitations has run is a matter of discretion with the trial court, which will not be disturbed on appeal absent abuse. *Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984).

2. On cross-appeal in case number 70572, Allstate's attorneys have filed a brief and enumeration of errors on behalf of John Doe, contending that the trial court erred in finding Giffen was an unin-

sured motorist under the provisions of OCGA § 33-7-11, and that the court had no authority to make any findings on the merits of the case since venue was found not to be proper in Habersham County and the case was ordered transferred to the Superior Court of Laurens County.

A review of the lower court's order does not indicate that the court found Giffen to be an uninsured motorist, but rather it contains a statement of the facts showing that the lawsuit was commenced pursuant to the provisions of OCGA § 33-7-11 (e), as Giffen's whereabouts were unknown, and this statement sets forth authority for the filing of the complaint in Habersham County. The court then addressed the issue of due diligence in obtaining personal service and determined the venue issue. These enumerations are wholly without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

### On Motion for Rehearing.

Appellants contend that this court erred in affirming the decision of the trial court because it presumed certain findings of fact by that court to be correct in the absence of a transcript. Appellant argues that he was entitled to a transcript under the holding in *Giddings v. Starks*, 240 Ga. 496 (241 SE2d 208) (1978). We have examined the entire record submitted on appeal and find that appellants declined to participate in and pay for the court reporter's takedown and that in their amended notice of appeal they stated that a transcript of the evidence would not be submitted. Unlike the appellants in *Giddings*, they did not file an extraordinary motion in this court seeking a transcript of the proceedings after appellee refused to authorize the court reporter to prepare a transcript. Accordingly, they have waived their right to have a transcript prepared and cannot now complain of any portion of this court's decision which is based on the presumed correctness of the trial court's order.

### Decided September 3, 1985 — Rehearing denied October 1, 1985.

*Rufus D. Sams III, Robert C. Norman, Jr., Jefferson W. Willis,* for Giffen.
*Douglas W. McDonald,* for Burrell.
*Jack M. Carey,* for Doe.