## 71195. NORTHCUTT v. BENNETT.
### (339 SE2d 763)

CARLEY, Judge.

Appellant appeals from the trial court's order granting appellee's motion to dismiss appellant's complaint on the ground that this tort action is barred by the statute of limitation.

"The general rule is: 'If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation.' [Cit.]. . . . Where service is belatedly perfected, the trial court may dismiss the action when the delay was caused by laches on the plaintiff's part. Service must proceed with diligence if the statute of limitation is to be tolled by the filing of the action. [Cit.] . . . '[T]he correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.' The trial judge must determine, exercising a legal discretion, whether the plaintiff was diligent in his efforts. [Cits.]" *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977). See also *Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984).

A review of the record in the instant case shows the following: Service was not perfected until 273 days after the filing of appellant's complaint and 68 days after the expiration of the applicable period of limitations. At the time of the automobile collision giving rise to this action, appellee gave appellant his then current address. Appellee's sister, who continued to reside at that address after appellee moved, submitted an affidavit to the effect that she was never contacted in an attempt to locate appellee. There was evidence that appellee had left a change of address card with the post office when he moved out of state and that he had made no attempts to conceal his whereabouts. The complaint was never furnished to the sheriff's office for service until after the statute of limitation had run.

"The trial judge's order clearly indicates that he exercised his discretion and found that the delay in service was attributable to the plaintiff's failure to exercise reasonable diligence and that the plaintiff was guilty of laches. The record clearly demonstrates no abuse of that discretion. Accordingly, the order of the trial court must be affirmed. [Cit.]" *Forsyth v. Brazil*, supra at 439.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1986 —

*L. Thomas Cain, Jr.*, for appellant.
*Alvin L. Bridges, Jr.*, for appellee.