72722, 72723. BROWN et al. v. BAILEY et al. (two cases).
(349 SE2d 792)
McMURRAY, Presiding Judge.
On September 28, 1982, Rex Michael Brown ("plaintiff hus-

band") was involved in an automobile collision with Joseph Keith Bailey. At the time of the collision, defendant Bailey was employed by Cigarette Ventures, Inc., d/b/a AAA Cigarette Company ("AAA") and was operating a vehicle owned by AAA. On September 26, 1984, plaintiff husband sued the defendants Bailey and AAA in the Superior Court of Fulton County, Georgia for personal injuries which allegedly arose because of defendant Bailey's negligent operation of the vehicle. AAA was included as a defendant under the doctrine of respondeat superior. The plaintiff's wife, Barbara Brown, sued for loss of consortium.

On September 27, 1984, AAA was served with process and subsequently filed an answer denying the material allegations of the complaint. By affidavit "[s]worn to and subscribed [on] 24 day of June, 1985," a Fulton County deputy sheriff deposed that "[o]n October 1, 1985 [sic], I received a service copy" and service was attempted upon defendant Bailey at the defendant's parents' house. However, defendant Bailey no longer resided with his parents and the defendant's father told the deputy that he did not know where the defendant resided. During the third week of October 1984 plaintiffs' attorney hired a private investigator to locate the defendant. On November 12, 1984, the plaintiffs were served with answers to their first set of interrogatories to AAA. In its answers, AAA informed the plaintiffs of the defendant Bailey's place of employment. On February 4, 1985, the plaintiffs filed a service copy of their complaint (a second original) in the Cobb County Superior Court. The summons was assigned to be served by a deputy of the Cobb County Sheriff's Department who was directed to serve the defendant at his place of employment in Cobb County, Georgia. On February 6, 1985, the deputy sheriff left the summons and complaint with the receptionist at defendant Bailey's place of employment. (The deputy did not personally serve the defendant.) The plaintiffs then obtained permission from the Fulton County Superior Court for the appointment of a citizen process server. The citizen appointed as the process server was employed by a local "MLQ Empress Courier Company." The special process server personally served the defendant at the defendant's place of employment on February 25, 1985. On February 26, 1985, the defendant filed his answer to the complaint, denying the material allegations thereof and raising the statute of limitation as a defense.

On April 15, 1985, defendants AAA and Bailey filed separate motions for summary judgment with supporting affidavits. AAA argued that it was not liable under the doctrine of respondeat superior because defendant Bailey was driving its vehicle without permission and was operating the vehicle on "purely personal business." Defendant Bailey argued that judgment should be entered in his favor because "he was served one hundred fifty-one (151) days after the statute of

limitations . . ." After conducting a hearing, which was not transcribed, on September 27, 1985, in separate orders, the trial court entered summary judgment in favor of AAA and partial summary judgment in favor of defendant Bailey, dismissing the plaintiff husband's personal injury claim.

Plaintiff husband appeals in Case Number 72723 from the order granting AAA's motion for summary judgment. From the order granting partial summary judgment to defendant Bailey, plaintiff husband appeals in Case Number 72722.

We now consider both Case Numbers 72723 and 72722 in this opinion. *Held*:

### Case Number 72722

1. The controlling issue in this appeal is whether the plaintiff husband's action against the defendant for personal injuries is barred by the statute of limitation. Under OCGA § 9-3-33, the applicable limitation period is two years. It is not disputed that the automobile collision occurred on September 28, 1982; the complaint was filed on September 26, 1984; and, the defendant Bailey was served with process on February 25, 1985. Although the complaint was filed two days before the statute of limitation had run, the defendant Bailey was not served with process until 150 days after the limitation period had expired. "Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if 'the plaintiff (shows) that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.' *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360). 'A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be.' Id. See also *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673 (3) (307 SE2d 134); *Smith v. Griggs*, 164 Ga. App. 15 (2) (296 SE2d 87); *Early v. Orr*, 135 Ga. App. 887 (219 SE2d 622). The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. Id." *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138).

The record in the case sub judice supports the conclusion that the plaintiffs did not act in a reasonable and diligent manner in serving the defendant Bailey as quickly as possible. The most persuasive evidence in this regard shows that the plaintiffs had information showing where the defendant was employed on November 12, 1984,

but did not act on this information by attempting to serve the defendant at work until February 1985. Although the plaintiffs hired a private investigator to locate the defendant Bailey in October 1984 neither the private investigator nor anyone on the plaintiffs' behalf attempted to call the defendant at work or attempted to serve him at work until February 1985. Further, there is no evidence showing that the defendant deliberately concealed himself to avoid service. On the contrary, the evidence shows that the defendant worked as a warehouse manager for the same employer for approximately one year before the time he was served with the complaint. Absent a reasonable explanation by the plaintiffs for the delay of over three months in attempting to serve the defendant after being placed on notice as to the defendant's place of employment, we cannot say that the trial court abused its discretion in dismissing the plaintiff husband's cause of action against the defendant for failing to expedite service of process after the statute of limitation had passed. Further, since the hearing on the defendant's motion to dismiss was not transcribed we cannot determine what other evidence, if any, was before the trial court. Consequently, "[w]e can only presume that the court's ruling was correctly based on all the evidence presented. See *Peek v. Duffy*, 172 Ga. App. 834 (324 SE2d 795) (1984)." *Giffen v. Burrell*, 176 Ga. App. 278, 279 (1) (335 SE2d 616). Accordingly, the trial court's order dismissing the plaintiff husband's personal injury claim is affirmed. See *Jones v. Brown*, 174 Ga. App. 632 (331 SE2d 24). Compare *Echevarria v. Hudgins*, 173 Ga. App. 39, 40 (2) (325 SE2d 423).

2. Next, the plaintiff husband argues that the defendant Bailey's motion for summary judgment was a general appearance which served to waive any defect in service. See *Bigley v. Lawrence*, 149 Ga. App. 249 (253 SE2d 870). This argument is without merit. Since the limitation of action plea was included in the defendant Bailey's answer, the defendant did not waive his right to assert the statute of limitation as a defense. The trial court properly granted partial summary judgment in favor of the defendant Bailey, dismissing the plaintiff husband's action for personal injuries and leaving for trial the consortium element of the lawsuit. See *Central of Ga. R. Co. v. Harbin*, 132 Ga. App. 65, 66 (2) (207 SE2d 597).

*Case Number 72723*

The plaintiff husband was ordered to file an enumeration of errors and brief in this appeal (Case Number 72723) no later than May 5, 1986, pursuant to Rules 27 (a) and 14 of the Rules of the Court of Appeals of Georgia. Since he has failed to comply with this order, his appeal must be dismissed.

*Judgment affirmed in Case Number 72722; appeal dismissed in*

*Case Number 72723. Carley and Pope, JJ., concur.*

DECIDED OCTOBER 15, 1986.

*O. Raymond Register,* for appellants.
*Peter K. Kintz,* for appellees.