## 72715. INGRAM v. GROSE.
### (350 SE2d 289)

BENHAM, Judge.

Appellant Ingram and appellee Grose were involved in an automobile collision on November 19, 1982. Alleging negligence on the part of appellee, appellant filed suit against Grose in Cobb County on November 18, 1984. Service on appellee was not perfected until April 25, 1985, after the case had been transferred, on appellant's motion, to the State Court of Cherokee County. Contending that the action was barred by the statute of limitation, appellee moved for summary judgment, seeking dismissal of appellant's complaint. This appeal follows the trial court's dismissal of appellant's action.

" 'The mere filing of a petition is not the commencement of a suit unless timely service is perfected as required by law and the named defendant is duly brought into court; and the mere filing of a suit will not of itself toll the statute of limitations in a case. [Cits.]' 'The principle of law controlling our decision in this case is well-settled: Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if "the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." [Cit.] "A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." [Cits.] The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. [Cits.]' " *Freemon v. Dubroca*, 177 Ga. App. 745 (2) (341 SE2d 276) (1986).

In the case at bar, the trial court concluded "it is apparent that the service on the Defendant was not pursued diligently by the counsel for the Plaintiff. . . ." Our review of the record finds no abuse of discretion in the trial court's decision. On November 26, 1984, eight days after the complaint was filed in Cobb County, the deputy marshal returned the summons and complaint non est, having been unable to perfect service because appellee did not reside in Cobb County. "Cherokee County" was written on the bottom of the return. A second non est was returned on January 25, 1985, with the notation "Address is in Cherokee Co." On February 6, 1985, counsel for appellant was advised of the unsuccessful attempt to serve appellee and of the location of the address in Cherokee County. On March 7, acting pursuant to the Uniform Transfer Rules (251 Ga. 893), appellant's counsel moved to transfer the case to the State Court of Cherokee County.

Appellee was subsequently served in Cherokee County on April 25, 1985.

In an attempt to show due diligence on his part, appellant submitted his affidavit and that of his legal assistant, chronicling the history of the case. While counsel was aware of appellee's address, he assumed it was located in Cobb County; his office became aware of the lack of service in early December 1984 and again in mid-January 1985. Counsel received a non est form from Cobb County on February 6, but did nothing, despite the strictures of OCGA § 9-11-4 (c), until March 7, when the motion to transfer was filed.

Inasmuch as the record demonstrates no abuse of discretion on the part of the trial court, that court's order must be affirmed. *Freemon v. Dubroca*, supra; *Jones v. Brown*, 174 Ga. App. 632 (331 SE2d 24) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur and compare this case with *Siler v. Johns*, 173 Ga. App. 692 (327 SE2d 810) (1985). Here, the first notice plaintiff had that service had been attempted and was unsuccessful was on February 6, and that was the service returned January 24. Even then plaintiff did not know that the marshal had earlier made a non est return in November, the month the suit had been filed, or that the non est return said "Cherokee County" upon it.

Plaintiff knew defendant's correct street address all along. Because it was incumbent on plaintiff to ascertain the correct county of the defendant's address in the first place, and because of the unexplained month-long delay between learning it was Cherokee County and having the case transferred there, I must agree that the trial court did not abuse its discretion.

DECIDED OCTOBER 22, 1986.

*Rees R. Smith*, for appellant.
*Frederick W. Ajax, Jr.*, for appellee.