## 76336. VARRICCHIO v. JOHNSON.
(372 SE2d 445)

BIRDSONG, Chief Judge.

The plaintiff Varricchio appeals the trial court's dismissal of her lawsuit, for failure to exercise reasonable diligence in perfecting service of the complaint after the statute of limitations had expired.

On February 24, 1986, plaintiff-appellant Varricchio filed her lawsuit in DeKalb County based on an auto collision occurring March 2, 1984. On February 28, the sheriff, after attempting to serve defendant at his home, notified appellant that the defendant Johnson had moved his residence. On March 24 (by letter dated March 19), appellant directed the DeKalb Sheriff to have the Forsyth Sheriff serve the defendant at his law office in Cumming, where appellant concedes defendant had maintained the same address since 1974. The sheriff did so on March 28, but served a secretary who was not authorized as agent to accept service.

On April 1, appellant filed a motion to transfer the suit to Forsyth County, she having ascertained that defendant had moved his residence there. On April 14, defendant Johnson, through counsel, filed an answer challenging service and jurisdiction, a motion to dismiss the DeKalb suit for lack of personal jurisdiction, and an "Objection to Transfer of Venue," asserting that since defendant had not been served there was no "pending suit" and thus there was nothing to transfer under Uniform Superior Court Rule 19.1 (A). The defendant also sent appellant notice of a hearing on these various motions, scheduled May 27, 1986; but this notice of hearing was signed and issued by defendant's counsel and not by the court, which may be why the DeKalb trial court on May 13 ex parte ordered the case transferred to Forsyth County. Then on May 23, appellant notified the Forsyth Sheriff to serve defendant at his office, which service was finally perfected June 11, 1986.

On June 30, defendant answered in the Forsyth court and asked for dismissal based on improper service. The Forsyth trial court ruled the plaintiff-appellant had not exercised reasonable diligence in serving the defendant after suit was filed so as to toll the running of the statute of limitations.

The trial court also ruled, re defendant's objection to the transfer, that under *Larsen v. Larsen*, 224 Ga. 112, 113 (160 SE2d 383), there was no "pending action" until service was perfected on the defendant, and therefore under Uniform Superior Court Rule 19.1 (A), the case could not be transferred unless defendant had been served; but, said the trial court, nullifying the DeKalb transfer would be futile action, since the defendant had finally been served June 11, 1986, and the case would simply be transferred again. *Held*:

This case is not like other service of process cases. The statute of limitations on the plaintiff's cause of action expired six days after plaintiff filed her lawsuit on February 24, 1986. Only if the plaintiff exercised reasonable diligence to perfect service, could the eventual service of process toll the running of the statute of limitations. *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289); *Brown v. Bailey*, 180 Ga. App. 555, 557 (349 SE2d 792); *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673 (307 SE2d 134).

The defendant had, as plaintiff concedes, maintained the same law office at the same address in the town of Cumming since 1974. This fact was simple to confirm. Defendant could very easily be found. He was not a transient, nor was he of habitually unstable, mysterious, or secreted residence. Yet, the unmitigated fact is that plaintiff sat and did nothing from February 28, when the sheriff informed her defendant had moved his residence, until March 24, when (by letter dated March 19) she directed the sheriff to serve defendant at his law office. This delay of nearly a month, including a failure to attempt any service for three weeks after the statute of limitations had expired, is completely unexplained and unexcused.

The *special* duty the plaintiff bears to exercise reasonable diligence in serving a complaint for which the statute of limitations has expired, is too well established to dissertate. See *Ingram*, supra; *Brown*, supra, and *Bowman*, supra. The thing that can never be lost in sight is that the plaintiff's cause of action was dead. It could not be revived unless the plaintiff used due diligence to perfect service, which diligence must be examined in light of the particular fact that the cause of action had expired.

The fact that for the more than three weeks, from February 28 to March 24 (by letter dated March 19), the plaintiff did absolutely nothing towards perfecting service, must not be obscured by any confusion and uncertainty that arose later out of the fact that when she still failed to perfect service, the defendant filed a motion to dismiss for lack of service, and a motion to transfer venue because he moved his residence. Should his right to do these things, because of her continuing inexactness, excuse her of the three weeks she earlier spent doing nothing after the statute of limitations had expired, when the defendant was easily available for service at his law office where he

had been since 1974?

This unexplained inactivity of three weeks was evidently what the trial court considered in finding the plaintiff lacking in such due diligence as to revive the dead cause of action. Three weeks may not be an unjustified delay if one is looking for an unstable or transient defendant with no place of business; but such situations bear no resemblance, in fact or principle, to this case. This is why a generalized comparison of "length of time" in various cases is an unreliable test; and this is why the matter is one of the trial court's discretion in each case.

Even though we might sometime take a different view, the trial court's exercise of this discretion in these matters will not be overturned on appeal, unless it has been actually abused and cannot be supported as a matter of law. *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138). Even if we thought three weeks of unexcused inactivity in perfecting service was sufficiently diligent to revive a dead cause of action, we would be hard put to say the trial court in this case *abused its discretion* in finding otherwise. In fact, however, we concur with his unclouded vision of the plaintiff's lassitude, and find that the trial court did not abuse its discretion in leaving unrevived this dead suit.

*Judgment affirmed. Deen, P. J., Pope and Beasley, JJ., concur. Carley, J., concurs in judgment only. McMurray, P. J., Banke, P. J., Sognier and Benham, JJ., dissent.*

BANKE, Presiding Judge, dissenting.

The original attempt to serve the defendant took place in DeKalb County on February 28, 1986, prior to the expiration of the statute of limitation. It was evidently at this time that the plaintiff first became aware that the defendant had moved his residence. Less than three weeks later, on March 19, 1986, the plaintiff wrote a letter to the DeKalb clerk requesting that service be attempted on the defendant in Forsyth County, where he maintained a law office. On March 28, 1986, the Forsyth County Sheriff sought to effect service at that location by leaving a copy of the complaint and summons with the defendant's secretary. However, the secretary evidently was not authorized to accept service on the defendant's behalf, with the result that this did not constitute valid personal service upon him pursuant to OCGA § 9-11-4 (d) (7). Nevertheless, the defendant obviously became aware at that time of the pendency of the action, for on April 14, 1986, he filed an answer to the complaint, asserting lack of personal jurisdiction and insufficiency of service of process as defenses.

On April 11, 1986, the plaintiff, having now learned that the defendant's new residence was, like his law office, located in Forsyth County, filed a motion in the DeKalb County Superior Court seeking

to transfer the case to Forsyth County. That motion remained pending for approximately six weeks before the DeKalb court granted it. Ten days following the grant of the motion, before the actual transfer of the case had taken place, the plaintiff wrote a letter to the Forsyth clerk requesting that another attempt be made to serve the defendant at his law office. Personal service was ultimately accomplished at that location approximately two and a half weeks later, on June 11, 1986.

I do not understand how these facts evidence a lack of diligence on the part of the plaintiff in attempting to perfect service. Although it is true that the plaintiff did not make any further attempt to have the defendant served in Forsyth County during the six-week period in which her transfer motion was pending, this undoubtedly was because she was awaiting a ruling on that motion by the DeKalb Court. Her conduct in this regard certainly resulted in no prejudice to the defendant, who filed an answer, a motion to dismiss, and an objection to the transfer motion during this period.

The only other period of delay with which the plaintiff can reasonably be charged is the three weeks which transpired between the original attempt at service at the defendant's former residence in DeKalb County and the plaintiff's first request for service in Forsyth County. I do not believe such a three-week delay can reasonably be considered of sufficient magnitude to warrant the dismissal of the suit based on lack of diligence in attempting to perfect service. Consequently, I would reverse the judgment of the trial court.

I am authorized to state that Presiding Judge McMurray, Judge Sognier and Judge Benham join in this dissent.

DECIDED JULY 15, 1988 —
REHEARING DENIED JULY 29, 1988

*D. Lynn Russell*, for appellant.
*Weymon H. Forrester, James E. Brim III*, for appellee.