## A90A0444. WRIGHT v. FOOD GIANT, INC.
(394 SE2d 610)

McMurray, Presiding Judge.

Lillian Wright (plaintiff) brought an action against Food Giant, Inc. (defendant) for personal injuries she allegedly sustained when she slipped and fell in defendant's store. Defendant answered on November 4, 1987, and, over a year later on December 27, 1988, it moved for summary judgment based on an expiration of the statute of limitation. The trial court granted defendant's motion and this appeal follows: *Held:*

1. Plaintiff first contends the trial court erred in finding that her action is barred by the applicable statute of limitation.

There is no dispute that plaintiff's action accrued on July 9, 1985; that the complaint was filed on June 18, 1987; and that defendant was served with process on October 8, 1987, 91 days after the expiration of the two-year statute of limitation. See OCGA § 9-3-33. " 'Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if "the plaintiff (shows) that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360). "A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." Id. See also *Bowman v. U. S. Life Ins. Co.,* 167 Ga. App. 673 (3) (307 SE2d 134); *Smith v. Griggs,* 164 Ga. App. 15 (2) (296 SE2d 87); *Early v. Orr,* 135 Ga. App. 887 (219 SE2d 622). The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. Id.' *Forsyth v. Brazil,* 169 Ga. App. 438, 439 (313 SE2d 138)." *Brown v. Bailey,* 180 Ga. App. 555, 557 (1) (349 SE2d 792).

In the case sub judice, plaintiff does not argue that the trial court abused its discretion in finding that she was guilty of laches in serving defendant with process. She argues that defendant's failure to assert laches as an affirmative defense in its answer constitutes a waiver of the statute of limitation defense. This contention is without merit.

An examination of the record shows that defendant properly

raised the statute of limitation in its answer. This is all that is required to preserve the statute of limitation defense. OCGA § 9-11-8 (c).

Next, plaintiff contends defendant waived the statute of limitation defense, arguing that defendant was guilty of laches in waiting over a year and a month to press its defense.

"[T]o prevail on a plea of laches, it is essential that the pleading party prove harm caused him by the delay. See Code Ann. § 37-119 [now OCGA § 23-1-25]; *Hodges v. Libbey*, 224 Ga. 509 (162 SE2d 716) (1968)." *Clover Realty Co. v. J. L. Todd Auction Co.*, 240 Ga. 124, 126 (4) (239 SE2d 682). In the case sub judice, plaintiff argues that defendant's delay in pressing its statute of limitation defense rendered it "difficult, if not impossible, [to ascertain] the truth as to any possible justification for Plaintiff's delay in perfecting service." Plaintiff also complains that defendant's delay caused her unnecessary trouble and expense in prosecuting the lawsuit, i.e., the vigorous pursuit of discovery, an arbitration attempt and the defense of another motion for summary judgment brought by defendant.

We agree that defendant's delay in pressing its statute of limitation claim, choosing instead to first pursue discovery, arbitration and the resolution of substantive issues on summary judgment, was costly and unnecessary. However, we find no harm which could not have been avoided by plaintiff. Plaintiff was notified, via defendant's answer, of the statute of limitation defense less than 30 days after service was perfected. Further, the statute of limitation problem was obvious on the face of the record. Plaintiff could have either resolved the litigation or preserved evidence in defense of defendant's statute of limitation claim, i.e., the reason for the delay in serving defendant. Under these circumstances, we find no waiver of the statute of limitation defense. The trial court did not err in granting defendant's motion for summary judgment.

2. Plaintiff's second enumeration is moot in light of our holding in Division 1.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 16, 1990.

*Guy G. Michaud, Christopher J. McFadden*, for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, J. Franklin Burns, Stephanie L. Scheier*, for appellee.