A93A0946. BUZHARDT v. PAYTON.
(435 SE2d 280)

McMurray, Presiding Judge.

On December 23, 1991, Kurt Buzhardt (plaintiff) filed a personal injury action against Chester C. Payton (defendant) three days before expiration of the two-year statute of limitation. Plaintiff alleged that defendant is a resident of Houston County, Georgia, and the "[s]ervice of process can be perfected by service at 707 Bernard Drive, Warner Robins, Georgia 31093. . . ." Plaintiff forwarded a copy of the complaint to defendant's automobile liability insurance carrier, "GEICO."[1]

On February 28, 1992, an answer was filed, alleging that defendant has not been served with a copy of the summons and complaint; that defendant is not a resident of Houston County, Georgia, and that plaintiff's claim is barred by the statute of limitation. On March 12, 1992, an answer was filed in response to plaintiff's first interrogatories

---

[1] An entry of service, dated January 9, 1992, appears in the record with defendant's name, the Bernard Drive Address and a deputy's notation, "Diligent search made and defendant Chester C. Payton not to be found in the jurisdiction of this Court. Does not live with Ms. Payton." Another entry of service, dated January 30, 1992, appears in the record with defendant's name, the Bernard Drive Address and a deputy's notation, "I have this day served defendant Mrs. Chester Payton personally with a copy of the within action and summons." However, these documents were not filed with the Clerk of the State Court of Houston County, Georgia. They simply show up in the record.

to defendant and plaintiff was therein informed that defendant resides at 3248 Georgia Highway 120, Tallapoosa, Georgia 30176; that defendant is married to Lillie W. Payton and that defendant and Lillie W. Payton are separated.

On October 1, 1992, a motion to dismiss or, in the alternative, for summary judgment was filed on defendant's behalf based on lack of service of process and expiration of the two-year statute of limitation. On November 13, 1992, a sheriff's entry of service was filed indicating that defendant was personally served on November 7, 1992, at 3248 Georgia Highway 120, Tallapoosa, Georgia. On December 1, 1992, the trial court entered an order granting defendant's motion for summary judgment and "finding that no reasonable or diligent attempt at service was made on the part of plaintiff [after expiration of the applicable statute of limitation]." This appeal followed. *Held*:

The statute of limitation in this action pursuant to OCGA § 9-3-33, expired on December 26, 1991, three days after plaintiff filed the complaint. Thus, the statute of limitation "could be tolled only if [plaintiff] exercised reasonable diligence to perfect service. E.g., *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986). In such circumstances the trial court must examine all the underlying facts to ascertain whether the plaintiff was guilty of laches, which would bar the action. This determination is a matter within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion. Id." *McManus v. Sauerhoefer*, 197 Ga. App. 114, 115 (397 SE2d 715). In the case sub judice, plaintiff was informed on March 12, 1992, via response to his own interrogatories, that defendant was separated from his spouse and that defendant resided at 3248 Georgia Highway 120, Tallapoosa, Georgia 30176. However, plaintiff did not serve defendant at this address for over seven months after the interrogatory answers were filed and over ten months after expiration of the statute of limitation. Under these circumstances, we cannot say the trial court abused its discretion in granting defendant's motion for summary judgment and "finding that no reasonable or diligent attempt at service was made on the part of plaintiff [after expiration of the applicable statute of limitation]."

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993.

*Charles V. Bond, Jr.*, for appellant.
*Chambless, Higdon & Carson, Mary M. Katz*, for appellee.