## A94A1013, A94A1014. MORSE et al. v. FLINT RIVER COMMUNITY HOSPITAL et al.; and vice versa.
## A94A1015. GUPTA v. MORSE et al.

(450 SE2d 253)

SMITH, Judge.

Jacqueline C. Morse, individually and as executrix of the estate of Louis T. Morse, brought suit against Flint River Community Hospital, Raj Gupta, M.D., and Laverne Bentley, R.N., alleging negligent treatment of an injury suffered by Louis Morse in a motor vehicle accident, resulting in Mr. Morse's quadriplegia and eventual death. The acts complained of occurred on December 18, 1989, and the action was filed on December 12, 1991.[1] The return of service form shows that service was acknowledged for Gupta on December 16 or 17, 1991.[2] However, the hospital and Bentley were not served until January 6, 1992, over three weeks after the filing of the complaint. The hospital, Bentley, and Gupta filed motions to dismiss for failure to perfect service of the renewed complaint upon them within a reasonable time after expiration of the statute of limitation. After discovery, the hospital and Bentley also filed a motion for summary judgment, contending there was no genuine issue of material fact regarding their alleged negligence. The trial court denied the motions to dismiss and granted the motion for summary judgment. In Case No. A94A1013, Morse appeals the grant of summary judgment against her. In Case No. A94A1014, the hospital and Bentley cross-appeal the denial of their motion to dismiss, and in Case No. A94A1015, Gupta appeals the denial of her motion to dismiss.

### Case No. A94A1014

We conclude that the trial court did not err in denying the motions to dismiss by the hospital and Bentley. When an action is filed within the applicable statute of limitation but not served within five days as provided by OCGA § 9-11-4 (c), the plaintiff must establish that she acted reasonably and diligently in attempting to effect service. If she failed to act reasonably and diligently, service will not relate back to the date of filing to toll the statute of limitation. *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991). However, the trial court's exercise of discretion in determining diligence will not be reversed on appeal unless it has been actually abused and cannot be supported as a matter of law. Id.;

---

[1] Plaintiff originally filed her complaint in Macon County. That action was dismissed without prejudice on December 10, 1991, two days before the filing of this action.

[2] These two legible dates appear superimposed in the appropriate blank on the return of service, and it is unclear which is intended as a correction. Adoption of the later date of December 17, 1991 does not affect the result here.

*Varricchio v. Johnson*, 188 Ga. App. 144 (372 SE2d 455) (1988). While the facts in this case might have supported a finding of lack of diligence, we cannot say that the trial court clearly abused its discretion as a matter of law in deciding otherwise.

In the earlier Macon County action, plaintiff had served the hospital and Bentley within a few days of filing the action. This action was filed in Bibb County, and these defendants were served by second original in another county. OCGA § 9-10-72. The defendants were served at the same addresses indicated in the original complaint; the same individual at the hospital was served on both occasions. The affidavit of plaintiff's counsel shows that the delay in service originated with the clerk of court or the sheriff's department or both.[3] There is no evidence in the record that plaintiff failed to provide these officials with a correct address or failed to establish the defendants' whereabouts. Since Morse placed the summons and complaint in the hands of the proper officials with correct addresses attached, she did all that was required of her. See *Bennett*, supra at 350 (1) and cases cited therein. Until she received some notice that the sheriff was unable to locate a defendant, that a defendant's address was incorrect, or that service was not possible for some other reason, Morse could reasonably rely on the clerk and sheriff to fulfill their duties. Id. at n. 2; *DeLoach v. Hewes*, 211 Ga. App. 321 (439 SE2d 94) (1993).

The reliance of the hospital and Bentley upon *Varricchio v. Johnson*, supra, is misplaced for two reasons. First, Varricchio was told by the sheriff that the defendant had moved, but she did nothing to provide a new address for service for nearly a month. *Varricchio v. Johnson*, supra at 145. Second, and more importantly, this court affirmed the trial court's decision dismissing Varricchio's action under the abuse of discretion standard. *Varricchio v. Johnson*, supra at 146. There was some evidence on the record here suggesting that service could have been effected more quickly, and counsel for Morse was not positive in his enumeration of every step taken to assure service. However, the weighing of these matters was within the discretion of the trial court, and we cannot say that its discretion was abused as a matter of law.

### Case No. A94A1015

We likewise affirm the trial court's denial of Gupta's motion to dismiss, but without reaching the issue of Morse's diligence in effecting service. The return of service form shows that service was acknowledged for Gupta as of December 16 or 17, 1991. Gupta

---

[3] We note that the delay was probably exacerbated by the Christmas and New Year's holidays which fell during that time. See *Bennett*, supra at 349, n. 1.

presented no affidavit or other sworn testimony to contradict this apparent date of service. Compare *Webb v. Tatum*, 202 Ga. App. 89 (413 SE2d 263) (1991). Gupta contends in her brief that she was not served until January 2, 1992, apparently relying on a marginal note, "1-2-92," beside what appears to be her signature on the return of service. However, factual assertions made in a brief, like matters raised for the first time on appeal, cannot be considered by this court. *Paul v. Joseph*, 212 Ga. App. 122, 125 (2) (441 SE2d 762) (1994); *Porado v. State*, 211 Ga. App. 728, 730 (3) (440 SE2d 690) (1994). In the absence of any evidence in the record supporting Gupta's contention, we must accept the date of service as it appears on the record. Service on December 17, 1991 was within the five days from filing of the complaint permitted by OCGA § 9-11-4 (c). The trial court correctly denied Gupta's motion to dismiss.

## Case No. A94A1013

Morse contends the trial court erred in granting summary judgment to the hospital and Bentley. The complaint and the affidavits provided by a physician and a nurse contend that Bentley failed to notify the supervising physician in a timely manner of Mr. Morse's worsening condition, contributing to the severity of his injury.[4] These conclusions were based on the nursing records of Mr. Morse's hospital stay, which showed no attempt to contact Mr. Morse's physician until 3:45 p.m., although his symptoms were noted at 2:40 p.m. On her deposition, however, Bentley testified that she began her attempts to reach the doctor as soon as she was aware of Mr. Morse's symptoms. The doctor testified he received a telephone call from the nurse at approximately 3:00 p.m.[5] The hospital and Bentley contend that this positive deposition testimony overcomes the earlier notation in the nursing records, leaving no factual issue for resolution and supporting the trial court's grant of summary judgment.

We disagree. It is true that a finding of fact which may be inferred from circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. See *Mealer v. Gen. Cinema Beverages of Ga.*, 190 Ga. App. 419 (379 SE2d 192) (1989). However, this is not a case of conflict between circumstantial and direct evidence. The medical records are not silent; instead, they specify a time of contact later than that testified to by Bentley and the physician. This conflict in the direct evidence is con-

---

[4] This expert testimony establishes a causal link between Bentley's conduct and the injury. Appellees' contention that there is no evidence of causation is thus without merit.

[5] The physician is a party to this action, though not to this appeal, and was a party at the time his deposition was taken.

trolled by the decision in *Kirby v. Spivey*, 167 Ga. App. 751, 753 (2) (307 SE2d 538) (1983), which also involved variance between medical records and a party's testimony. In *Kirby*, a physician testified that his patient refused treatment for cancer. However, there was no notation on the patient's medical records that treatment had been discussed or refused. Accepted medical practice would have required a record of such a discussion. This court held that the variance between the physician's testimony and the medical records raised a jury issue of credibility, where the physician was a party and thus interested in the outcome of the suit. *Kirby v. Spivey*, supra at 753-754.

As in *Kirby*, we are presented with a variance between the nursing records and the testimony of parties to this action. The record shows that contact was made at a time later than that testified to by the parties. There was also testimony that an earlier notation should have been made on the nursing records, if the nursing staff attempted to reach the physician at an earlier time. Under these circumstances a genuine issue of material fact remains as to the time at which Bentley attempted to notify the attending physician.

The hospital and Bentley also contend that the expert affidavit provided by a nurse was defective because in its preamble it refers to her "familiarity with the standards of medical care in the United States," instead of referring to standards of *nursing* care. This contention is without merit. Assuming without deciding that the statement in the preamble of the affidavit was not inadvertently inserted, the body of the affidavit makes it abundantly clear that the nurse bases her conclusions on "the accepted standards of nursing practices that would be expected of nurses in the same or similar circumstances." An issue of fact remains for resolution by the jury, and the trial court erred in granting summary judgment.

*Judgment reversed in Case No. A94A1013. Judgments affirmed in Case Nos. A94A1014 and A94A1015. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 24, 1994 —
RECONSIDERATION DENIED NOVEMBER 16, 1994 —

*Reynolds & McArthur, W. Carl Reynolds, Katherine L. McArthur, Bradley J. Survant,* for Morse.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, N. Beth Dorsey, Awtrey & Parker, Gregg A. Landau,* for Flint River Community Hospital.

*Martin, Snow, Grant & Napier, John C. Edwards, Lisa M. Edwards,* for Gupta.