63806. McGUIRE et al. v. FORD MOTOR CREDIT COMPANY.

BANKE, Judge.

The appellee, Ford Motor Credit Company (hereinafter "Ford Credit") sued to recover the balance due on a retail installment contract executed by the appellants to finance the purchase of an automobile. The appellants counterclaimed to recover damages for tortious misconduct allegedly committed by agents of Ford Credit during an unsuccessful attempt to repossess the vehicle. The trial court denied Ford Credit's motion for summary judgment for the balance due on the contract but granted its motion for summary judgment on the counterclaim. This appeal followed. At issue is whether the person retained by Ford Credit to repossess the appellants' vehicle was an employee or an independent contractor.

Ford Credit filed affidavits in support of its motion for summary judgment stating that it utilized the services of several different "repossession agencies," and that on the occasion in question it decided to use "Ralph Peer, d/b/a Georgia Auto Recovery," because he had produced good results in the past. These affidavits further state that Mr. Peer had performed repossessions for various banks, finance companies, and car dealers as well as for Ford Credit; that no reports had been received from any of Ford Credit's customers indicating that Mr. Peer or his agents had previously caused any incident similar to the one which was the subject of the counterclaim; that Mr. Peer was promised a fee of $125 for the successful repossession of the appellants' vehicle; that because he did not recover the vehicle, no payment was actually made to him; and that Mr. Peer operated free from any control by Ford Credit as to the time, manner, and method of his execution of repossession orders.

Ford Credit and Peer had entered into a "Code of Conduct and Indemnification Agreement" governing their business relationship. This agreement contained the following language: "I. Contractor hereby agrees that: (a) *Contractor will observe all of Ford Credit's policies contained herein or otherwise furnished to Contractor;* (b) Contractor will not take any action or use any method that will expose Ford Credit to litigation, adverse publicity or embarrassment; (c) Contractor will treat all customers in a fair, equitable, courteous, and businesslike manner; (d) Contractor will comply with the provisions of all applicable federal, state, and local laws and ordinances; (e) Contractor will not employ force, fraud, deception, trickery, abuse,

harassment or fraudulent legal threats; (f) *Contractor will follow Ford Credit's instructions* and will report and (sic) possibilities of adjustment or settlement that could help avoid a repossession; (g) Contractor will not repossess property if (i) it would require committing a trespass; (ii) it would involve a breach of the peace or an act that could be construed as a violation of the customer's rights; (iii) the property is in the possession of someone other than Ford Credit's customer or (iv) the property is located on a military or Indian reservation. (h) Contractor is an independent contractor and contractor is not, and will not represent contractor to be, an agent or employee of Ford Credit . . ." (Emphasis supplied.) The appellants contend that Items I (a) and I (f) of this agreement, obligating Peer to follow Ford Credit's policies and instructions, gave Ford Credit the right of control over him and thus rendered the company liable for his torts, regardless of whether this right of control was ever actually exercised. *Held:*

"The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Code § 105-501. See also Code § 105-502 (5). "In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract." *Hotel Storage, Inc. v. Fesler,* 120 Ga. App. 672, 674 (172 SE2d 174, 41 ALR3d 1049) (1969). "Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. [Cits.]" *American Family Life Assur. Co. v. Welch,* 120 Ga. App. 334, 339 (170 SE2d 703) (1969). On the other hand, where the contract specifies that the employee's status shall be that of independent contractor but at the same time provides that he shall be subject to any rules or policies of the employer which may be adopted in the future, no such presumption arises. See *Jordan v. Townsend,* 128 Ga. App. 583 (197 SE2d 482) (1973); *A. L. Williams & Assoc. v. Sun Life Assur. Co.,* 153 Ga. App. 371 (265 SE2d 285) (1980). A contractual designation of the employee as an independent contractor is to be regarded as particularly suspect where, as in the case before us now, the activity in question is one which would ordinarily be regarded as part of the employer's regular business operations, is one which the employer regularly employs people to carry out, and is one which is generally

carried out by subordinates. See former Justice Hall's dissent in *Jordan v. Townsend,* supra, at 586-587, quoting from 2 Harper and James, Law of Torts, § 26.11. Because Peer contracted to follow all instructions and policies furnished to him by Ford Credit and because he was carrying out a function which must be regarded as a regular part of Ford Credit's business activities, an issue of fact remains as to whether he was acting as a servant or an independent contractor, and the grant of summary judgment to Ford Credit on the counterclaim is accordingly reversed.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 19, 1982 —
REHEARING DENIED MAY 11, 1982 —

*Winship E. Rees,* for appellants.
*Daniel F. Bridgers,* for appellee.