## 66427. HAMMOND v. STATE OF GEORGIA.

Shulman, Chief Judge.

Along with his answer to a URESA petition filed against him, appellant filed a plea in abatement based on the pendency of a URESA action filed against him in 1976. See OCGA § 9-2-5 (a) (Code Ann. § 3-605). After a hearing, the trial court entered an order on January 31, 1983, in which it found as a fact that the last order in the previous case was filed on November 12, 1976. The trial court then concluded that since more than five years had passed between the last order in the prior action and the first order in the present action, the prior action had been dismissed by operation of law (see OCGA § 9-2-60 (Code Ann. § 3-512)) and was not pending so as to bar the present action.

Since there is no transcript of the evidence, we cannot say the trial court's finding is clearly erroneous (*Milam v. Milam,* 240 Ga. 33 (239 SE2d 361)), and we must, therefore, be bound by it. OCGA § 9-11-52 (a) (Code Ann. § 81A-152). Because appellant's plea of abatement was filed on October 29, 1981, and five years had not yet passed since the last order was filed in the prior action, the prior action was still pending when the plea was filed. That being so, appellant was entitled to a judgment in his favor because the key event is not the entry of an order in the second action but the filing of the defense of pendency. *Bouldin v. Aragona-Garcia Enterprises, Inc.,* 161 Ga. App. 396 (1) (288 SE2d 673). It follows that the trial court's refusal to dismiss the 1981 case was error.

In light of our reversal on the ground stated, appellant's other enumeration of error concerning the merits of the case need not be considered.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

Decided October 3, 1983.

*James A. Elkins, Jr.,* for appellant.
*William J. Smith, District Attorney, C. Paul Rose, Jr., Assistant*

*District Attorney,* for appellee.