bad." Dr. Medders then instructed the nurse to run a culture on Mr. Greer's heel, made some notes on a pad, and left the room. Following this incident, Mrs. Greer began to cry, and Mr. Greer experienced episodes of uncontrollable shaking, for which he required psychiatric treatment. Dr. Medders presented no evidence in support of his motion for summary judgment. *Held*:

For conduct which is of an outrageous or egregious nature or so terrifying or insulting as to humiliate, embarrass, or frighten the plaintiff, Georgia recognizes the tort of intentional infliction of emotional distress. See generally *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771 (324 SE2d 593) (1984); *Ga. Power Co. v. Johnson*, 155 Ga. App. 862 (2) (274 SE2d 17) (1980); *Stephens v. Waits*, 53 Ga. App. 44 (184 SE 781) (1936); *Dunn v. Western Union Tel. Co.*, 2 Ga. App. 845 (59 SE 189) (1907). "[T]here is authority to sanction a recovery in tort where the defendant has wilfully and wantonly caused emotional upset to the plaintiff through the use of abusive or obscene language. [Cits.]" *Tuggle v. Wilson*, 248 Ga. 335, 337 (282 SE2d 110) (1981).

"[I]f the trial court is presented with a choice of inferences to be drawn from the facts, all inferences . . . must be drawn against the movant and in favor of the party opposing the motion [for summary judgment]. [Cits.]" *Jonesboro Tool & Die Corp. v. Ga. Power Co.*, 158 Ga. App. 755, 758 (282 SE2d 211) (1981). Given the fact that the alleged statements at issue in this case were made by a physician to a post-operative patient and his wife as the patient lay in a hospital bed, we cannot say as a matter of law that the statements were insufficiently abusive to support a recovery for the tort of intentional infliction of emotional distress. Accordingly, we hold that the trial court erred in awarding summary judgment in favor of Dr. Medders.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985.

*Charles E. Day*, for appellants.
*Weymon H. Forrester, James E. Brim III*, for appellee.

71113. IN RE D. P. T.
(336 SE2d 330)

BANKE, Chief Judge.

This is an appeal from an order granting a petition by the appellees for the adoption of the appellant's natural son, D. P. T. The parental rights of the natural father were previously terminated and are

not at issue.

The trial court made the following findings of fact. D. P. T. was born on November 7, 1979, in Birmingham, Alabama. In January of 1981, the Jefferson County, Alabama, Department of Pensions and Security assumed custody of the child and thereafter transferred custody to the Gwinnett County, Georgia, Department of Family and Children's Services. Acting with appellant's consent, the Juvenile Court of Gwinnett County, in May of 1981 and again in May of 1983, awarded temporary custody of the child to the appellees, who are appellant's sister and her husband. In May of 1984, appellees filed a petition for adoption pursuant to OCGA § 19-6-8 (b). Prior to the filing of this petition, appellant, who continued to reside in Alabama, had neither visited, conversed, nor corresponded with the child since late 1981. Although appellant attributed her failure to communicate with the child to financial problems, she had been employed in various jobs since 1980 and had also attended college for several years, ultimately obtaining a baccalaureate degree.

The trial court found that appellant had failed significantly, for a period of one year or longer immediately prior to the filing of the petition for adoption, to communicate or attempt to communicate with the child and further found that adoption was in the child's best interests. Appellant contends that the evidence is insufficient to support the trial court's findings. *Held*:

1. In her original notice of appeal, appellant requested that the transcript of evidence be included in the record transmitted to this court; however, she later amended her notice of appeal to request that the transcript be omitted. "An appeal with enumeration of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in an affirmance. [Cit.]" *Uren v. State*, 174 Ga. App. 804, 805 (331 SE2d 642) (1985). See also *Peek v. Duffy*, 172 Ga. App. 834 (1) (324 SE2d 795) (1984); *Hammond v. State*, 168 Ga. App. 508 (308 SE2d 701) (1983). Moreover, there is evidence appearing in the record of this case which supports the trial court's findings of fact. After closely examining the entire record, we are satisfied that a rational trier of fact could have found by clear and convincing evidence that appellant failed significantly, for a period of one year or more immediately prior to the filing of the petition for adoption, to communicate or make a bona fide attempt to communicate with the child and that adoption was in the best interests of the child. See generally OCGA § 19-8-6 (b) (1); *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982); *Cain v. Lane*, 168 Ga. App. 405 (1) (309 SE2d 401) (1983).

2. Appellant's contention that the trial court applied an erroneous legal standard in deciding the case is likewise without merit. The order of the trial court clearly reflects that the evidence was viewed in

the light most favorable to appellant, as the natural parent, and that the standard of "clear and convincing evidence" was applied. See generally *Cain v. Lane*, supra.

3. Appellant's contention that the trial court erred in failing to consider evidence adverse to appellees is also without merit, as the court's order reflects that the evidence presented by both sides was fully considered.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985.

*Deborah A. Stone*, for appellant.
*Handsel G. Morgan, Jr.*, for appellee.

## 71127. PINYAN v. HAMBY.
(336 SE2d 331)

DEEN, Presiding Judge.

On October 23, 1980, the appellant, Larry Pinyan, and the appellee, Sara Hamby (formerly Sara Pinyan) were divorced in Cobb County, Georgia, at which time the appellee was awarded custody of their minor child. That divorce decree began what appears to be a protracted domestic legal war.

On February 14, 1983, the appellant filed a contempt action based on the appellee's failure to allow visitation rights, and on December 6, 1983, the Cobb County superior court did find the appellee in contempt. The appellant filed another contempt action soon afterwards on December 22, 1983, alleging the same basis for contempt. Sometime in December 1983, the appellee and the minor child retreated to North Carolina.

On July 26, 1984, the appellee filed her own contempt action against the appellant in the Cobb County superior court, and also an action seeking a modification of visitation rights. In answering, the appellant asserted a counterclaim seeking a change of custody. The two contempt actions were consolidated, and on September 14, 1984, the superior court entered an order finding both parties in contempt. On October 1, 1984, the appellee moved to dismiss the appellant's counterclaim in the visitation rights case, on the basis that the Cobb County court lacked jurisdiction to determine the child custody matter. On April 12, 1985, the superior court granted that motion, and this direct appeal followed. *Held*:

In this case, the trial court's order dismissing the appellant's counterclaim is not a final judgment, because the main action is still pending with the trial court, and it does not appear that the trial