## 75066. ALLEN v. HELEWSKI.
(361 SE2d 711)

McMURRAY, Presiding Judge.

Appellant is seeking to adopt his stepson. Appellant filed an adoption petition on May 25, 1983, and his wife, the child's natural mother, consented to the adoption. Appellee is the natural father of the child. The petition alleged, in part, that appellee had failed significantly for a period of one year or longer immediately prior to the filing of the petition to communicate or to make a bona fide effort to communicate with the child or to provide for the care and support of the child. See OCGA § 19-8-6 (b). It was also alleged that appellee would have to be given notice of the adoption proceedings by publication because his whereabouts were unknown.

Appellee was served by publication. Thereafter, on July 29, 1983, an order was entered granting appellant's adoption petition. Over two years later, appellee moved to set aside the adoption. Following an evidentiary hearing, an order was entered setting the adoption aside. The superior court held that appellant did not exercise due diligence in attempting to locate appellee's whereabouts and that, therefore, appellee was not served properly with a copy of the petition. There-

upon, the court ruled that appellee would be permitted to file an answer to the adoption petition.

Appellee filed an answer to the adoption petition on August 14, 1986. Following discovery, the matter came on for a hearing and the superior court entered an order denying appellant's petition for adoption. The court ruled, in part: "[T]he natural father did not provide support for the minor child . . . and did not communicate with the child as provided by the [applicable] code sections . . . however, this Court further finds that such failure was not voluntary or willful on the part of the natural father . . . and therefore there was no termination of parental rights due to his actions and . . . his consent to the adoption of the minor child is a necessary prerequisite to this adoption." This appeal followed. *Held*:

1. Appellant contends the superior court erred in granting appellee's motion to set aside the adoption. The adoption was set aside upon evidence that appellee was improperly served by publication because appellant did not exercise due diligence to find appellee. See in this connection *Cook v. Bright*, 150 Ga. App. 696 (258 SE2d 326). In order to review the superior court's ruling on this matter a transcript of the evidence is essential. As it is said: "This court cannot consider questions with respect to proceedings on a trial which are related in a party's brief but are not incorporated in a properly authenticated transcript as required by the Appellate Practice Act." *R. & S. Mgt. Co. v. Huntley*, 119 Ga. App. 712 (168 SE2d 626).

Appellant had the responsibility to make sure that the transcript was prepared and forwarded. See *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639). In his notice of appeal, appellant specified that a transcript had been filed. In fact, a transcript of the hearing on the adoption issue was filed and made a part of the record on appeal. However, a transcript of the hearing on the motion to set aside does not appear. Accordingly, this court cannot pass upon the merits of the superior court's order granting the motion to set aside. *Turner v. Watson*, 139 Ga. App. 648 (229 SE2d 126).

2. In seeking to establish that appellee failed significantly to communicate with the child or to provide for his support, it was not incumbent upon appellant to demonstrate that appellee *willfully* failed in these respects. Proof of willfulness is not necessary in order to find a significant failure under OCGA § 19-8-6 (b). *In re S. B. P.*, 164 Ga. App. 50 (296 SE2d 236). It appearing that the superior court's order denying the petition for adoption was predicated upon an erroneous interpretation of OCGA § 19-8-6 (b), we must reverse and remand this case for further consideration. *In re S. B. P.*, supra.

*Judgment reversed and case remanded for further proceedings. Sognier and Beasley, JJ., concur.*

DECIDED OCTOBER 5, 1987.

*Jerry D. Sanders*, for appellant.
*William H. Arey*, for appellee.