76423. ALLISON et al. v. NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC.
(370 SE2d 841)

CARLEY, Judge.

A collision occurred between appellant-plaintiff Mrs. Inez Allison's car and another vehicle. Appellant Mrs. Allison, seeking damages for her physical injuries, and her appellant-plaintiff husband, seeking damages for loss of consortium, initiated this tort action against the driver of the other vehicle. As the result of information obtained during discovery, appellants subsequently amended their complaint so as to add appellee National Association for the Self-Employed, Inc. as a named party defendant in the action. Appellee was added as a defendant in its alleged capacity as the employer of the driver of the other car. Subsequently, appellee moved for summary judgment on the ground that the driver of the other car was an independent contractor and not its servant. Appellee supported its motion with affidavits and a copy of the relevant employment contract. Appellants, in opposition to appellee's motion for summary judgment, asserted that there remained a genuine issue of material fact as to the employment status of the driver of the other car. However, in support of their assertion, appellants submitted no evidence other than the conclusory statement by the driver of the other car that he was appellee's "employee." The trial court granted appellee's motion for summary judgment, and appellants appeal from that order.

1. In support of their enumeration of the trial court's grant of appellee's motion for summary judgment as error, appellants contend that a genuine issue of material fact remains concerning the employment status of the driver of the other car. In specific, appellants urge that the trial court erroneously found that, as a matter of law, the driver of the other car was employed by appellee as an independent contractor.

" 'The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer.' [Cits.] 'In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract.' [Cit.] 'Where the contract of employ-

ment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. [Cits.]' [Cit.] On the other hand, where the contract specifies that the employee's status shall be that of independent contractor but at the same time provides that he shall be subject to any rules or policies of the employer which may be adopted in the future, no such presumption arises. [Cits.]" *McGuire v. Ford Motor Credit Co.*, 162 Ga. App. 312, 313 (290 SE2d 487) (1982).

The express terms of the contract under present consideration purport to create the relationship of employer-independent contractor and not that of employer-servant. See *American Family Life Assur. Co. v. Welch*, 120 Ga. App. 334, 338-339 (1, 2) (170 SE2d 703) (1969). The contract explicitly denominates the driver of the other car as an independent contractor, and nothing therein purports to reserve to appellee the right of such control over the time, method, and manner of the performance of his contractual duties as would render the characterization of his status as an independent contractor erroneous as a matter of law. Therefore, in order to show that a genuine issue of fact remains as to whether the relationship was not that of employer-independent contractor, it would be necessary for appellants to offer evidence that, notwithstanding the actual terms of the contract, appellee had assumed such control over the time, method, and manner of the performance by the driver of the other car of his contractual duties as would render him its servant. *McGuire v. Ford Motor Credit Co.*, supra.

Appellants offered no such evidence in opposition to appellee's motion for summary judgment. Compare *American Security Life Ins. Co. v. Gray*, 89 Ga. App. 672 (80 SE2d 832) (1954). Instead, appellants merely relied upon the other driver's statement which was to the effect that he was appellee's "employee." However, the other driver *was* appellee's employee. Under the evidence of record, however, he was employed by appellee as an independent contractor. Moreover, the test of the other driver's legal status is not premised upon his own belief as to his status. The test requires consideration of the actual terms of the contract and of appellee's compliance with those terms. As previously discussed, the status of the other driver under the terms of the contract was that of an independent contractor and there is no evidence that appellee deviated from those terms so as to render him its servant.

2. Appellants further urge that, even if the other driver was an independent contractor, a genuine issue of material fact would still remain as to appellee's liability. In this regard, appellants rely upon the statutory exceptions to the general rule of an employer's non-liability for the acts of an independent contractor. See OCGA § 51-2-5.

In the trial court, however, appellants neither alleged nor presented any evidence as to the applicability of this theory of recovery against appellee. Instead, they relied solely on their allegations and contentions that the other driver was appellee's servant. As discussed in Division 1, the unrebutted evidence showed that the other driver was not appellee's servant, but was its independent contractor.

"When the movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain. [Cits.] No pleadings or action below by the [appellants] gave even the faintest notice that [they were] relying in any way on any cause of action other than [appellee's vicarious liability for the negligence of its alleged servant]. That cause of action was foreclosed by [appellee's] evidence; thus, the appellant[s] having failed then to respond with [their] . . . alternative [independent contractor] theory, the summary judgment was proper." *Gerald v. Ameron Auto. Centers*, 145 Ga. App. 200, 203 (2) (243 SE2d 565) (1978).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1988.

*Emory A. Schwall, Lee S. Alexander*, for appellants.
*H. Sanders Carter, Jr., Christopher N. Shuman*, for appellee.