A89A0105. CURDE v. MATSON.
(380 SE2d 71)

BANKE, Presiding Judge.

The appellee petitioned to adopt his wife's three minor children by a previous marriage. The mother consented to the adoption, but

the appellant, who is the biological father of the children, did not. The superior court nevertheless granted the petition, concluding that the appellant had failed significantly during the year immediately prior to the filing of the petition to provide for the care and support of the children as required by law or judicial decree and further concluding that the adoption was in the best interests of the children. The appellant contends on appeal that these findings were not supported by clear and convincing evidence. *Held*:

1. Pursuant to OCGA § 19-8-6 (b), which is applicable only to adoption proceedings brought by a stepparent or relative, "[s]urrender or termination of parental rights, as provided in Code Section 19-8-3, shall not be required as a prerequisite to the filing of a petition for adoption . . . in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, where the court is of the opinion that the adoption is for the best interests of the child."

Prior to 1979, the words "without justifiable cause" appeared in this Code section, immediately following the words "failed significantly." See Ga. L. 1977, pp. 210, 211 (former Code Ann. § 74-405). However, the "without justifiable cause" terminology was deleted by Ga. L. 1979, pp. 1182, 1187, and the words, "where the court is of the opinion that the adoption is for the best interests of the child," were added at the end of the subsection. Under the current statute, it is clear that a natural parent's failure to communicate with or provide support for his or her child may be considered "significant" enough to obviate that parent's objections to an adoption petition brought by a stepparent or relative, even though such failure to communicate or provide support was not "willful," see *Allen v. Helewski*, 184 Ga. App. 450 (2) (361 SE2d 711) (1987), and did not amount to an "abandonment" of the child within the contemplation of OCGA § 19-8-6 (a). See *In re J. S. J.*, 180 Ga. App. 873, 874 (350 SE2d 843) (1986). It has been held, however, that the issue of the natural parent's justification for failing to provide support for the child continues to be relevant under the existing statute, being "subsumed into and resolved in the context of whether the severance of the parental relationship would be in the 'best interest of the child.'" *Kirkland v. Lee*, 160 Ga. App. 446, 449 (287 SE2d 365) (1981).

2. Much of the appellant's brief in the present case is devoted to establishing that, contrary to the appellee's allegations, the evidence did not warrant a finding that he had failed to communicate with the children during the year immediately preceding the filing of the adoption petition. We agree with the appellant on this point, but so did

the superior court. We thus turn to the dispositive findings made by the court in this case — i.e., that the appellant had failed significantly to contribute to the support of the children during the year in question and that the adoption was in the best interests of the children. See generally *In re J. S. J.*, supra; *In re D. P. T.*, 176 Ga. App. 409, 410 (1) (336 SE2d 330) (1985).

It is undisputed that the appellant made no child support payments during the year immediately preceeding the filing of the adoption petition. Although he explained that he had been prevented from doing so by a physical disability, he offered no evidence whatever to corroborate this testimony. Moreover, it was shown that within the six-month period immediately prior to the hearing he had in fact been employed for a period of eight consecutive weeks, earning net income of at least $3,000 after the deduction of taxes and expenses, but that he had contributed none of these earnings towards the support of the children. Under the circumstances, we hold that the evidence provided clear and convincing support both for the trial court's conclusion that the appellant had failed significantly to provide for the care and support of the children during the year prior to the filing of the petition and for the court's determination that the adoption would be in the best interests of the children. Accord *In the Interest of C. D. B.*, 182 Ga. App. 263 (3) (355 SE2d 759) (1987); *Boyd v. Harvey*, 173 Ga. App. 581 (1) (327 SE2d 551) (1985).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 27, 1989 —
REHEARING DENIED MARCH 15, 1989 —

*Jolles & Slaby, Richard A. Slaby*, for appellant.
*Michael C. Eubanks*, for appellee.