77657. BARTLETT et al. v. NORTHSIDE REALTY
ASSOCIATES, INC.
(380 SE2d 744)

POPE, Judge.

Appellant-plaintiff John S. Bartlett was injured when the vehicle which he was driving was struck by a vehicle driven by Denise A. Joiner. Bartlett and his wife instituted this action against Joiner and appellee Northside Realty Associates, Inc., seeking damages for his physical injuries and her loss of consortium. Appellee-Northside moved for summary judgment on the ground that Joiner was an independent contractor and not its servant. Appellants, in addition to filing their brief in opposition to Northside's motion for summary judgment, also filed a motion for partial summary judgment contending that, as a matter of law, Northside should be vicariously liable for appellants' injuries. The trial court granted Northside's motion for summary judgment and denied appellants' motion for partial summary judgment. This appeal follows that order.

"The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer. (Cits.) In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. (Cit.) Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. (Cits.) (Cit.) On the other hand, where the contract specifies that the employee's status shall be that of independent contractor but at the same time provides that he shall be subject to any rules or policies of the employer which may be adopted in the future, no such presumption arises. (Cits.) *McGuire v. Ford Motor Credit Co.,* 162 Ga. App. 312, 313 (290 SE2d 487) (1982)." (Punctuation omitted.) *Allison v. Nat. Assn. for Self-*

*Employed*, 187 Ga. App. 592, 593 (370 SE2d 841) (1988).

In the case at bar defendant Joiner is a licensed real estate agent and Northside is a licensed real estate broker. At the time of the incident in question, Northside and Joiner had entered into a written contract which provided, in pertinent part, as follows: "[T]he Salesperson shall render all services under this agreement as an independent contractor and not as an employee or servant of the broker, and that salesperson is not covered by Workers' Compensation laws. Nothing herein contained shall be construed to be inconsistent with the independent contractor relationship or status." The contract also contained the following provisions: The salesperson would diligently use her best efforts to sell, lease or rent real estate listed with the broker; the salesperson would be compensated solely by commissions to be determined by the broker; the salesperson was free to set her own hours and time of work; the salesperson was responsible for her business expenses and transportation; the salesperson was responsible for carrying adequate personal and liability insurance to protect herself and/or the broker; the salesperson was not required to attend sales meetings or participate in training programs (except as required by law) and would not be treated as an employee for federal tax purposes.

Despite the express terms of the contract purporting to create an employer-independent contractor relationship, appellants argue that Joiner was subject to extensive rules and regulations promulgated by Northside, including Northside's written policy manual, which demonstrated Northside's extensive control over Joiner. Appellants also rely on the deposition testimony of both Joiner and Sally Washburn, the managing broker in the Northside office out of which Joiner worked. Although Joiner testified in her deposition that she was not familiar with the provisions of the policy manual, and although the policy manual was not specifically mentioned in the contract between Northside and Joiner, there is no dispute that Northside's agents were directed to follow the provisions contained therein. There is also no dispute that Northside had the right to sever its relationship with salespersons who violated their contract or failed to follow Northside's policies and procedures.

Contrary to appellants' assertions, the provisions of the policy manual and the deposition testimony of Joiner and Washburn support the conclusion that the relationship between Joiner and Northside was that of employer-independent contractor and not employer-servant. The policy manual provided, and Washburn and Joiner testified, that the assumption of office duty and the attendance of sales meetings by associates was voluntary. Joiner further testified that she rarely took office duty and that she participated in sales meetings and weekly caravans to view new listings because she felt it benefited her.

Although both Washburn and Joiner testified that participation in these activities was encouraged, Joiner testified that she had never been reprimanded about her failure to assume office duties or to attend sales meetings.

Appellants also point to the fact that the policy manual provided that incoming calls were to be answered and handled in a specified manner. However, these provisions relate primarily to the duties of the salaried office staff in that agents acted only as a backup for answering calls when it was necessary for the secretary to be away from the telephone. The manual also specified a holiday and sick leave policy for salaried (secretarial) employees, but not for agents, who were paid on a commission basis.

Washburn testified in her deposition that Northside furnishes its agents a desk, and makes available to them a secretary, telephone and certain supplies such as signs, file folders, stationery, message pads, pens and pencils. Both Washburn and Joiner testified that although Northside pays for a certain quota of classified advertising, any additional promotional expenses are paid for by the agents, including supplies and expenses incidental to prospecting for new business or mass mailings. Washburn testified that Northside does not reimburse agents for seminar expenses, and that it does not provide agents with transportation or reimburse agents for the use of their own car.

Joiner testified that she has keys to the office which enable her to come and go as she pleases. She further testified agents have the option to pick their own closing attorneys, and that Northside does not publish a list of recommended attorneys although at certain times it may instruct agents not to use a particular attorney. Agents, however, are instructed to use Northside's forms and contracts. Joiner testified that she pays for some of her own office supplies, and for the bulk of her promotional literature, as well as all of her own insurance premiums. She also testified that she does not have a paid vacation nor does she have to ask for permission for vacation days. Northside provides no retirement benefits and does not withhold income taxes from commissions paid to agents.

"There are a plethora of additional circumstances cited by [appellants] too numerous to further burden an already lengthy opinion. Suffice it to say that we have painstakingly reviewed each and every circumstance cited. The overwhelming number of these circumstances is simply not inconsistent with the employer/independent contractor relationship when viewed in light of the record as a whole. Those few circumstances which on the surface appear to be inconsistent with the employer/independent contractor relationship are either neutralized by [Northside's] uncontradicted explanations which adequately explain the perceived inconsistency, or are so inconsequential when viewed in light of the evidence to the contrary as to establish no genu-

ine issue of fact. What the evidence clearly does establish is a paternalistic relationship whereby [Northside] provides for or assists [Joiner in her activities as a real estate agent]. What the evidence does not establish is any right or assumption by [Northside] to control the time, manner, and method of the performance of [Joiner's] work under the contract, nor does it establish [Joiner] as [Northside's] alter ego. Compare *Wood v. Brunswick Pulp &c. Co.*, 119 Ga. App. 880 (169 SE2d 403) (1969). Accordingly, the trial court properly granted [Northside's] motion for summary judgment [and denied appellants' motion for partial summary judgment] as to the doctrine of respondeat superior." *Slater v. Canal Wood Corp.*, 178 Ga. App. 877, 881-82 (345 SE2d 71) (1986). See also *Bowman v. C. L. McCord Land &c. Dealer*, 174 Ga. App. 914 (1) (331 SE2d 882) (1985); *Morris v. Constitution Pub. Co.*, 84 Ga. App. 816 (67 SE2d 407) (1951).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 15, 1989 —
REHEARING DENIED MARCH 23, 1989 —

*Walter H. Beckham III, Mack S. Izenson*, for appellant.

*R. Chris Irwin & Associates, R. Chris Irwin, Robert M. Darroch, C. David Vaughn*, for appellee.