## A89A1186. SHEPARD v. LANDERS.
(388 SE2d 12)

BENHAM, Judge.

This is an appeal from the entry of a decree of adoption. Appellant is the natural father of two minor children, ages 9 and 10. Appellant and the mother of the children were divorced in 1981, at which time the trial court ordered appellant to pay $200 per month as support for the children. It is undisputed that appellant did not make any payments pursuant to that order. In late 1981, the children and their mother began living with appellee; in 1984 appellee and the mother were married; and in 1985, the names of the children were legally changed from "Shepard" to "Landers." On October 10, 1988, appellee filed a petition to adopt the minor children. Appellant objected to the adoption, and after a hearing on January 17, 1989, the trial court granted a final decree of adoption.

1. Appellant's first enumeration of error is that the trial court erred in finding that appellant failed significantly for a period of one year or longer immediately prior to the filing of the petition to provide for the care and support of his children as required by judicial decree. It is undisputed that appellant was ordered in 1981 to pay $200 per month as child support and that he failed to make any of those payments.

The evidence shows that appellant visited his children primarily at Christmas and Easter, at which times he gave them clothes and other gifts. Other than occasional monetary gifts, there is no evidence of any financial support by appellant. Occasional visits and gifts do not constitute significant care and support for the children. *Jessee v. Nash*, 169 Ga. App. 746 (315 SE2d 260) (1984). Appellant contends that the $35 per week he paid for medical insurance for the children constituted significant support. However, appellant's voluntary decision to provide insurance coverage did not relieve him of his obligation to pay the court ordered support. See, e.g., *In re J. S. J.*, 180 Ga. App. 873 (3) (350 SE2d 843) (1986). In determining whether significant steps have been taken with regard to support, "sporadic and de minimis" efforts do not require the court to find that there has been significant support. Id.

The evidence was sufficient to authorize the trial court to find that appellant had failed to provide significant support for the one year preceding the petition, and that adoption was in the best interests of the children. *Curde v. Matson*, 190 Ga. App. 782 (2) (380 SE2d 71) (1989).

2. Appellant contends that the trial court's finding that the adoption was in the best interests of the children was in error because of appellant's "close relationship" with his children. Appellant's relationship consists primarily of short visits at Christmas and Easter.

Appellee has cared for, raised, and supported the children for the past eight years. Appellant's failure to provide any significant financial support for the children during that time may be considered in determining the best interests of the children. A rational trier of fact could have found by clear and convincing evidence that adoption was in the best interests of the children. *Curde v. Matson*, supra.

Accordingly, we hold that the trial court did not err in entering a decree of adoption.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 — 

*Kathleen K. Thalgott, Vicky O. Kimbrell, Phyllis J. Holmen, John L. Cromartie, Jr.*, for appellant.

*J. Clayton Stephens, Jr.*, for appellee.

