A90A0468. MOORE et al. v. POPE.
(396 SE2d 243)

POPE, Judge.

This appeal follows the trial court's grant of a petition brought by appellee Jodie Denise Pope seeking to adopt a child known as Cameron Keith Pope. The facts surrounding this unusual case, as

they appear in the record before us, are as follows: Pope gave birth to a male child on October 7, 1983 at the Griffin-Spalding County Hospital. On that same date Tina Williams also gave birth to a male child at that hospital. Both Pope and Williams were discharged on October 9, 1983. Unbeknownst to Pope and Williams, however, each was discharged with the other's child. Williams placed the child she was discharged with, believing it to be her natural child, with the Spalding County Department of Family & Children Services for the purpose of allowing the child to be adopted. As shown by the prior adoption records, which were opened on Pope's motion, appellants Eugene and Edith Moore subsequently adopted the Williams' child and renamed the child Melvin Eugene Moore. However, the child actually placed in their custody was Pope's natural child.

In September 1988 Pope and her then husband (the couple is now divorced) discovered that they had been discharged with the Williams' child; subsequent investigation revealed that their natural child had been in the custody of the Moores since April 1984. Pursuant to OCGA § 19-8-6, Pope filed a petition to adopt the Williams' child, whom she had reared to date, and to gain custody of her natural child. The Moores, as the legally adoptive parents of the Williams' child, filed a brief in opposition to Pope's adoption petition. They also filed a petition for custody of Pope's natural child, whom they had reared to date, in the Circuit Court of Hardin County, Kentucky, where they and the child reside. Although not contained in the record before us, the Kentucky court apparently issued an order transferring the Moores' custody petition to Georgia and the Moores have appealed that decision to the Kentucky appellate courts. Consequently, the only issue before this court concerns the trial court's ruling on Pope's adoption petition. *Held:*

OCGA § 19-8-3 (a) provides the exclusive means for adopting a child with a living parent or guardian "[e]xcept as otherwise specified in Code Section 19-8-6 . . . ." The trial court, relying solely on subsection (b) of OCGA § 19-8-6, determined that the adoptive parents had "failed significantly for a period of one year immediately prior to the filing of the adoption petition to communicate or provide for support of [their adoptive child]" and, finding that the adoption was in the best interest of the child, granted Pope's petition for adoption. Subsection (b), however, "is applicable only to adoption proceedings brought by a stepparent or relative. . . ." *Curde v. Matson,* 190 Ga. App. 782, 783 (1) (380 SE2d 71) (1989). See also OCGA § 19-8-3 (a) (4) & (5). Consequently, the trial court erred in applying that subsection to the case at hand, inasmuch as the petition was not brought by

a stepparent or other relative.[1]

In cases such as the instant one, "[a]ppellate judges . . . need and make . . . prayer for Solomon-like sagacity, but we are limited in action because we serve as a court for the correction of legal errors." *K. E. S. v. State*, 134 Ga. App. 843, 844 (216 SE2d 670) (1975). In this case, we presently have before us only the matter of Pope's adoption petition and our review of the relevant statutory law (OCGA §§ 19-8-3; 19-8-6) discloses no provision which would authorize the trial court to grant that petition. Likewise, we are without authority to fashion a remedy for these unfortunate litigants and if a solution is to be had by others who find themselves in similar circumstances it must come from the legislature. Consequently, and inasmuch as we can discern no legal basis which would allow us to sustain the grant of the petition to adopt here, the judgment of the trial court must be reversed.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 4, 1990 —
REHEARING DENIED JULY 19, 1990 — CERT. APPLIED FOR.

*John T. Newton, Jr.*, for appellants.
*Thomas W. Malone, Middleton & Anderson, Robert H. Benfield, Jr.*, for appellee.

---

[1] Because the trial court erred in applying OCGA § 19-8-6 (b) to the facts of this case, we need not consider the effect of our Supreme Court's decision in *Thorne v. Padgett*, 259 Ga. 650 (386 SE2d 155) (1989), declaring that subsection to be unconstitutional, or the applicability of the subsequent amendment to that section. Ga. L. 1990, p. 1572.