A91A2030, A91A2031. ROSS v. NINETY-TWO WEST, LTD.; and vice versa.

(412 SE2d 876)

McMurray, Presiding Judge.

Ninety-Two West, Ltd. (plaintiff) brought an action against Larry T. Ross, William Rogers and Bell, Cowart and Jackson Realty (defendants) for damages which allegedly arose after defendant Ross breached a real estate sales contract. More specifically, plaintiff alleged that Rogers was a salesman for Bell, Cowart and Jackson Realty; that Rogers procured a real estate sales contract wherein defendant Ross agreed to purchase 14 acres from plaintiff; that defendant Ross backed-out on the deal and that Rogers breached his duty of loyalty as a representative of plaintiff. Plaintiff alleged that Bell, Cowart and Jackson Realty is vicariously liable for its sales agent's tortious acts. Defendants filed separate answers and denied the material allegations of the complaint. Bell, Cowart and Jackson Realty later filed a motion for summary judgment.

In June 1984 Rogers began working as a real estate sales agent, acting exclusively for Bell, Cowart and Jackson Realty. Rogers was furnished an office, a telephone and a secretary. Rogers attended regular sales meetings and he was provided business cards with the inscription, "Bell, Cowart and Jackson Realty." Rogers was provided advertising services and was reimbursed for some business expenses. In exchange, Rogers was expected "to go out and obtain listings on behalf of Bell, Cowart [and Jackson Realty and] to show properties. . . ." Rogers was not paid a salary, but he "split [his] commission with the company . . . pursuant to [an] Independent Contract Agreement."

In 1988, plaintiff contacted Rogers and retained Bell, Cowart and Jackson Realty to broker the sale of a 14-acre tract of commercial property. Rogers formulated a plan for marketing the property, dealing directly with plaintiff's general partner, Robert E. Rhoads, Jr. It was decided that the property would be most attractive to experienced commercial developers.

In February of 1989, Rogers presented a contract to plaintiff wherein defendant Ross offered to purchase plaintiff's property for commercial development. The contract offers $103,680 per acre for the land and provides, in pertinent part, as follows:

"2. EARNEST MONEY Purchaser shall pay to Bell, Cowart and Jackson Realty, Inc., . . . an earnest money deposit of Five Thousand Dollars ($5,000.00) upon full execution of this Agreement . . .

"14. DEFAULT In the event the transaction . . . is not closed because of Purchaser's default, the Earnest Money shall be paid to Seller as full liquidated damages and as Seller's sole and exclusive remedy for such failure . . .

"15. PURCHASER'S CONTINGENCIES Purchaser shall have sixty (60) days to secure an engineering report that will . . . allow Purchaser to use said property in Commercial Development, said report and [plat] to be conducted by licensed and approved government authorities. At time said report is submitted and accepted, Purchaser will place an additional amount of Twenty Thousand Dollars ($20,000.00) Earnest Money. If said Closing does not take place as described herein said Earnest Money will be disbursed to Seller."

The sales contract also provides that "[t]he Closing shall be held on or before . . . (45) days after expiration of the [60 day] period . . ."

Plaintiff executed the contract on February 22, 1989, and defendant Ross deposited $5,000 with Bell, Cowart and Jackson Realty. Defendant Ross then acquired an engineering plan for commercial development of the property, but he did not submit the plan to local "government authorities" for approval.

"In late April, 1989, [Robert E. Rhoads, Jr.] inquired of Defendant Rogers as to whether or not the additional [$20,000] earnest money had been paid. . . . Defendant Rogers informed [Robert E. Rhoads, Jr.] that the additional earnest money had . . . been paid by the Purchaser to Bell, Cowart [and Jackson Realty] and that Bell, Cowart [and Jackson Realty] had placed the additional money in its trust account. Based on this representation[, Robert E. Rhoads, Jr.] agreed to allow the contract to remain in effect for a period of some months thereafter . . . After the closing date set forth in the Contract had passed, Defendant Rogers . . . informed [Robert E. Rhoads, Jr.] that Defendant Ross had never paid the additional earnest money to Bell, Cowart [and Jackson Realty]."

Defendant Ross posted a letter, dated July 3, 1989, to plaintiff and Bell, Cowart and Jackson Realty, informing them that he was not going through with the deal and demanding return of his $5,000 deposit. In a letter dated July 14, 1989, plaintiff informed Bell, Cowart and Jackson Realty that defendant Ross had breached the sales contract and that the terms of the sales agreement required disbursement of the earnest money to plaintiff. Bell, Cowart and Jackson Realty did not disburse the "earnest money" to either plaintiff or defendant Ross.

The trial court entered the following order: "Defendant Bell, Cowart & Jackson Realty's Motion for Summary Judgment having come regularly for hearing before the Court, and all parties having been given notice of said Motion, and, after reviewing the briefs of counsel for Plaintiff and Defendant Bell, Cowart & Jackson Realty, and after hearing argument of counsel of said parties, the other parties having failed to submit briefs or appear for argument, it is hereby ORDERED AND ADJUDGED as follows:

"A) That portion of [Bell, Cowart and Jackson Realty's] Motion for Summary Judgment addressing the $5,000.00 earnest money held by Defendant Bell, Cowart and Jackson, Inc. is hereby DENIED, and

"B) Summary judgment is hereby GRANTED to Plaintiff and against all the Defendants in this action in the principal amount of $5,000.00, plus pre-judgment interest thereon in the amount of $564.08, for a total judgment of $5,564.08.

"C) That portion of Defendant Bell, Cowart & Jackson Realty's Motion for Summary Judgment which addresses all the remaining claims of Plaintiff against Bell, Cowart & Jackson Realty is HEREBY GRANTED."

Defendant Ross appeals in Case No. A91A2030 and plaintiff appeals in Case No. A91A2031. *Held*:

## Case No. A91A2030

1. Defendant Ross contends the trial court erred in granting summary judgment to plaintiff and awarding plaintiff $5,564.08, arguing that approval of an engineering report for commercial development of the property is an unsatisfied condition precedent which defeats the sales contract. This contention is without merit.

"Under Code Ann. § 20-701 [now OCGA § 13-2-1], the construction of a contract is a question of law for the court. Where the contract is unambiguous, it is the duty of the court to construe it, and in so doing, the court must put a fair and reasonable construction thereon. *Whitney v. Hagan*, 65 Ga. App. 849 (16 SE2d 779) (1941); *Holcomb v. Word*, 239 Ga. 847 (238 SE2d 915) (1977)." *Smiths' Properties v. RTM Enterprises*, 160 Ga. App. 102, 103 (2) (286 SE2d 334).

In the case sub judice, paragraph 15 of the sales contract provides defendant Ross with "sixty (60) days to secure an engineering report that will . . . allow Purchaser to use said property in Commercial Development. . . ." This paragraph also provides, "At time said report is submitted and accepted, Purchaser will place an additional amount of Twenty Thousand Dollars ($20,000.00) Earnest Money." This unambiguous language does not impose a condition precedent to enforcement of the sales agreement. It requires defendant to exercise an option 60 days after execution of the contract, i.e., either back out of the deal and forfeit $5,000 or submit plans acceptable to local government authorities, pay $20,000 to the escrow agent and go forward with the deal. Consequently, since undisputed evidence shows that defendant Ross decided not to go through with the deal, summary adjudication against him for liquidated damages in the amount of $5,000 is authorized.

2. Defendant Ross contends the trial court had no authority to

enter summary judgment against him since he was not a party to Bell, Cowart and Jackson's motion for summary judgment.

"It is well-settled that summary judgment can be granted to a non-moving party provided the grant is proper in all other respects. *Golston v. Garigan*, 245 Ga. 450 (1) (265 SE2d 590). As a general rule, '(i)f the record demands such a judgment, it would be proper.' *DeMudd v. Atlanta &c. Taxi-Cab Group*, 172 Ga. App. 626, 627 (323 SE2d 910). However, ' "(c)are should . . . be taken by the (trial) court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." ' *Cruce v. Randall*, 152 Ga. App. 183 (1) (262 SE2d 488); aff'd 245 Ga. 669 (266 SE2d 486); accord *Rasmussen v. Nodvin*, 174 Ga. App. 203, 204 (1) (329 SE2d 541). ' " 'The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.' " ' *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 48 (3) (332 SE2d 304)." *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169 (1), 170 (390 SE2d 257).

In the case sub judice, there appears to be a dispute over whether defendant Ross was given proper notice of Bell, Cowart and Jackson Realty's motion for summary judgment. Plaintiff contends that defendant Ross was served with the motion for summary judgment more than 30 days before the hearing and that he "received the briefs of all parties . . . , received notice of the hearing . . . and ignored them all." Defendant Ross infers that he was not given 30 days notice of the motion for summary judgment and that he was not aware of the issues raised therein.[1]

The record does not show that defendant Ross was served with the motion for summary judgment, supporting brief or plaintiff's response. However, the trial court found that all parties were given notice of Bell, Cowart and Jackson Realty's motion for summary judg-

---

[1] The brief filed on behalf of defendant Ross does not specifically contend that defendant Ross did not receive proper notice of the motion for summary judgment. It does contend, in pertinent part, as follows: "O.C.G.A. 9-11-56 (c) grants thirty days to respond to a motion for summary judgment. A party to the motion, moving or non-moving, would presumably be prepared to defend or prosecute the issue of liability. A party to the litigation whose liability is not to be decided by such a motion finds himself blind-sided by the entry of judgment against him by the trial court. Such a party has no opportunity to defend against an attack of which he is unaware, no chance to present evidence that material issues of fact exist and that the party for whom summary judgment is rendered is *not* entitled thereto as a matter of law. 'When such motion is made, the resisting party is entitled . . . to have notice at least 30 days before the time fixed for the hearing and he has the right to serve opposing affidavits up to the time fixed for the hearing . . . Neither of these procedural safeguards was allowed . . . in this case . . .' , *Thompson v. Hurt*, 159 Ga. App. 656, 658 (284 SE2d 671) (1981)."

ment and that some of the parties had "failed to submit briefs or appear for argument."

" 'An appeal with enumeration of error dependent upon consideration of evidence heard by the trial court will, absent a transcript, result in an affirmance. (Cit.)' *Uren v. State*, 174 Ga. App. 804, 805 (331 SE2d 642) (1985). See also *Peek v. Duffy*, 172 Ga. App. 834 (1) (324 SE2d 795) (1984); *Hammond v. State*, 168 Ga. App. 508 (308 SE2d 701) (1983)." *In re D. P. T.*, 176 Ga. App. 409, 410 (1) (336 SE2d 330). In the case sub judice, defendant specifically noted in his notice of appeal that "[a] transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." Under these circumstances, we cannot say the trial court erred in finding that defendant Ross was properly notified of the motion for summary judgment. The hearing transcript may well support a finding that defendant Ross was properly notified of the motion for summary judgment and supporting brief. Consequently, since the brief filed in support of Bell, Cowart and Jackson Realty's motion for summary judgment reveals dispute over the issue resolved against defendant Ross on summary judgment, i.e., that the sales contract required payment of $5,000 to plaintiff as a result of defendant Ross's breach of contract, the trial court did not err in granting summary judgment to plaintiff.

## Case No. A91A2031

3. Plaintiff contends the trial court erred in finding that no genuine issues of material fact remain as to whether Bell, Cowart and Jackson Realty is responsible for the alleged tortious acts of its sales agent, William Rogers.

" 'The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer. (Cits.) In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. (Cit.) Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. (Cits.) (Cit.) On the other hand, where the contract specifies that the employee's status shall be that of independent contractor but at the same time provides that he shall be subject to any rules or policies of the employer which

may be adopted in the future, no such presumption arises. (Cits.) *McGuire v. Ford Motor Credit Co.*, 162 Ga. App. 312, 313 (290 SE2d 487) (1982).' (Punctuation omitted.) *Allison v. Nat. Assn. for Self-Employed*, 187 Ga. App. 592, 593 (370 SE2d 841) (1988)." *Bartlett v. Northside Realty Assoc.*, 191 Ga. App. 10 (380 SE2d 744).

In the case sub judice, there is no dispute that Rogers entered into an employment contract with Bell, Cowart and Jackson Realty which denominates Rogers as an independent contractor and gives Rogers great latitude in the manner in which he performs his work, i.e., the agreement provides that Rogers "shall set his . . . own hours and time of work[; that Rogers] shall furnish his . . . own transportation [and that Rogers] shall not be required to attend sales meetings or participate in training programs." Nonetheless, plaintiff contends that genuine issues of material fact remain on the issue of respondeat superior, arguing that evidence exists which shows that Bell, Cowart and Jackson Realty exercised extensive control over Rogers' business activities. We do not agree.

It is undisputed that Rogers was given an office, a telephone and a secretary. Further, there is evidence that Rogers was expected to attended regular sales meetings and he was provided business cards with the inscription, Bell, Cowart and Jackson Realty. There is also evidence that Rogers was provided with advertising services and that he was reimbursed for some business expenses. However, there is no evidence that Rogers had a supervisor who controlled the time, manner, and method of executing work. On the contrary, the undisputed evidence shows that Rogers formulated his own plan for marketing plaintiff's property and that Rogers was the only Bell, Cowart and Jackson Realty representative marketing plaintiff's 14-acre tract. This evidence and evidence that Rogers was not paid a salary, but "split [his] commission with the company . . . pursuant to [an] Independent Contract Agreement[,]" pierces any allegation that an employer-employee relationship exists which subjects Bell, Cowart and Jackson Realty to liability for the alleged tortious acts of Rogers. Consequently, the trial court did not err in granting summary judgment to Bell, Cowart and Jackson Realty on the issue of respondeat superior. *Bartlett v. Northside Realty Assoc.*, 191 Ga. App. 10, supra.

*Judgments affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1991.

*Dailey & Groover, L. Lee Dailey, Lewis M. Groover, Jr., Wilson, Strickland & Benson, Frank B. Strickland, Samuel T. Brannan, Mary M. Brockington, William Rogers*, for appellant.

Campbell & Dreger, Richard J. Dreger, for appellee.