A91A1622. SHUMAN v. STRICKLAND TRANSPORT-LEASING COMPANY et al.
A91A1623. FIELDS v. SHUMAN.
(416 SE2d 885)

JOHNSON, Judge.

This case is before the court on appeal from the trial court's denial of motions for a new trial filed by both parties. Shuman brought suit against Strickland Transport-Leasing Company (Strickland) and others to recover actual and special damages for injuries he had allegedly sustained when a tractor trailer rig driven by Shuman was involved in a collision with another tractor trailer rig owned by Strickland and being operated by its employee, King S. Fields. The collision occurred on March 20, 1989, near Pembroke, Georgia, as Shuman was attempting to turn left off U. S. Highway 280 onto County Road 44. Strickland responded denying negligence and asserted a counterclaim alleging that Shuman's failure to exercise due care prior to initiating the turn was the direct and proximate cause of the collision. Strickland sought actual damages in an amount to be equal to or in excess of the damages sought by Shuman. The case was tried before a jury which returned a verdict on a specially drafted verdict form in favor of the defendant Strickland on the main claim and Shuman on the counterclaim.

Shuman filed a motion for new trial originally based on general grounds, and later amended asserting that several jurors had improperly failed to respond to an inquiry on voir dire. Voir dire was not transcribed and the parties do not agree on whether the question posited to prospective jurors during voir dire was whether any of them "knew" or "knew of" Fields. The trial court allowed the testimony of the jurors regarding that issue at a hearing on the motion for new trial. The motion was denied. Strickland also filed a motion for new trial on general grounds which was denied.

*Case No. A91A1622*

1. Shuman argues that the trial court erred in failing to enter an order stating that he could not recall the proceedings pursuant to OCGA § 5-6-41 (g). No transcript of the voir dire portion of the proceedings exists. The parties do not agree on whether the question asked of the panel was whether they "knew" King S. Fields, or if they

"knew of" him. " 'Where, as here, there is no transcript . . . and no agreed statement of the facts [is] furnished [cit.] the appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence (cit.) for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction. (Cit.)' " *Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339, 340 (301 SE2d 292) (1983), citing *Bhatia v. West Cash &c. of Savannah*, 157 Ga. App. 145 (276 SE2d 656) (1981). Here, the trial judge permitted an appearance by all of the jurors that Shuman's counsel felt may have improperly failed to respond affirmatively to a question concerning "knowledge of" King S. Fields, a question which may or may not have been the one asked during voir dire. Pursuant to OCGA § 5-6-41 (g) the trial judge would be required to enter an order if he could not recall what transpired at the hearing. Here, the judge did not affirmatively state that he did not recall the proceedings so the absence of such an order was not error. Where, as here, the error enumerated by Shuman is dependent on a transcript of evidence, and no transcript or agreement of counsel as to the proceedings exists, it cannot be reviewed by this Court. See, e.g., *Ross v. Ninety-Two West, Ltd.*, 201 Ga. App. 887, 891 (412 SE2d 876) (1991); *McClaskey v. Jiffy Lube, Inc.*, 197 Ga. App. 537 (398 SE2d 825) (1990); *Burns v. Barnes*, 154 Ga. App. 802 (270 SE2d 57) (1980); *Mays v. Safeway Fin. Co.*, 139 Ga. App. 229 (228 SE2d 319) (1976).

2. Shuman's second enumeration of error, that the denial of his motion for new trial violated his right to an impartial jury is without merit. Shuman failed to establish with any degree of certainty the exact question asked during voir dire. Therefore he could not establish that any prospective juror improperly failed to respond. He was permitted an opportunity to bring each of the jurors back into court to testify on that exact issue, however, and all four indicated that they had rendered a fair and impartial verdict in the case.

3. Shuman's amended enumeration of errors and brief filed on January 22, 1992, was not timely filed and therefore the issues contained therein cannot be considered. *Burke v. State*, 153 Ga. App. 769, 771 (7) (266 SE2d 549) (1980).

*Case No. A91A1623*

4. Strickland has filed a cross-appeal enumerating as error three issues concerning the form of the verdict. The verdict form consisted of three sentences: "1. We the jury, find for the plaintiff in the amount of $_____; 2. We the jury, find for the defendants; and 3. We the jury, find for the defendant, Solomon Fields, on the cross action in the amount of $_____." At the top of the form was written "(Strike the 2 which you do not select)." The jury returned the ver-

dict form with sentences 1 and 3 scratched out. Strickland enumerates as error the form of the verdict and the instruction by the trial court to select one of the three options as the verdict of the jury. The issues presented to the jury in the case were not complex. The trial court, in its charge to the jury explained the effect of choosing the various options on the verdict form. The jury asked the court for clarification after it began deliberations, seeking to establish that a choice of option number two, "We the jury, find for the defendants" would mean that there would be no monetary award to anyone. That question being answered by the court in the affirmative, the jury returned its verdict.

"Verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity." OCGA § 9-12-4. It is clear from the request for clarification that the jury knew how it wanted to find in the case. All presumptions being in favor of the validity of the jury's verdict, and there being no evidence that the intent of the jury was ambiguous, the verdict should stand.

5. Similarly, the supplemental enumeration of errors and brief filed by Fields on February 3, 1992, was not timely filed and therefore the issues contained therein cannot be considered. *Burke*, supra.

*Judgments affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 19, 1992.

*Branan & Brogdon, Wallace M. Brogdon, Jr.,* for appellant.
*Newton, Smith, Durden, Kaufold & McIntyre, Wilson R. Smith, Hunter, Maclean, Exley & Dunn, Lee C. Mundell, Kirby C. Gould,* for appellees.