A07A0111. LARMON v. CCR ENTERPRISES.
(647 SE2d 306)

ANDREWS, Presiding Judge.

Fallon Larmon appeals from the trial court's order granting summary judgment to CCR Enterprises on Larmon's claim for damages for injuries received in an automobile accident. Larmon claimed that the accident was caused by a Blue Bird bus driven by Charles Chamlee, an employee of CCR. The trial court determined that Chamlee was an independent contractor, not an employee, and granted CCR's motion for summary judgment. We agree and affirm.

The accident in question involved a bus manufactured by Blue Bird in LaFayette, Georgia, that was being delivered to Florida Transportation Systems in Florida. CCR was in the business of delivering the Blue Bird buses to buyers around the country and it contracted with different drivers to drive the buses from the Blue Bird plant to the buyers' locations.

According to Calvin Norton, the president of CCR, the only employees of the company were Norton, his wife, and a bookkeeper. CCR's contract with Chamlee provided that he would be paid $313 before departure and was to deliver the bus to an address in Tampa, Florida, on September 19, 2003, the manner and method of performance were "within the Driver's discretion." The contract also stated that Chamlee was an independent contractor and therefore was responsible for his own insurance and taxes.

Norton stated that he contracted with several different drivers and they were paid for each trip on the basis of mileage. CCR did not pay for expenses or fuel. Each driver was responsible for going to the

---

Blue Bird plant and getting the bus, and also for getting back home after delivering the bus.

> The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer. In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. On the other hand, where the contract specifies that the employee's status shall be that of independent contractor but at the same time provides that he shall be subject to any rules or policies of the employer which may be adopted in the future, no such presumption arises.

(Citations and punctuation omitted.) *Ross v. Ninety-Two West*, 201 Ga. App. 887, 891-892 (412 SE2d 876) (1991).

In this case, although the contract states that Chamlee was an independent contractor, Larmon argues that the evidence is to the contrary. She contends the evidence shows that Chamlee was not an independent contractor because he had to deliver the bus by a certain date, was required to comply with all I.C.C. and other governmental requirements, was required to maintain log books, and was to maintain the bus in a clean and safe condition. Larmon claims Chamlee had no discretion as to when he completed the work because the bus had to be delivered the next day and she also claims that he had no discretion in what route to take because he was paid based on mileage.

First, many of the requirements listed were not those of CCR but rather those of the I.C.C., Blue Bird, or the purchaser. CCR informed Chamlee that the bus had to be there by a certain date because the purchaser required it. CCR calculated the mileage and paid Chamlee based on this calculation, but Chamlee was free to choose his route. Chamlee was not paid a salary, but rather by the job, he received no benefits, and was not reimbursed for expenses.

In the absence of evidence of actual control, the test distinguishing an employee from an independent contractor is whether the

employer assumed "the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." (Citation and punctuation omitted.) *Allrid v. Emory Univ.*, 249 Ga. 35, 40 (285 SE2d 521) (1982). Here, the contract shows that the bus was to be delivered at a certain time and drivers must conform to any applicable I.C.C. requirements, but, the manner and method of performing the contract were left to the driver's discretion.

In *Ross v. Ninety-Two West*, supra, this Court found no employee relationship between the real estate agent and the realty company even though the company provided an office, a telephone and a secretary, expected the agent to attend regular sales meetings and provided him with business cards with the inscription, Bell, Cowart and Jackson Realty. Id. at 892. There was also evidence that the agent was provided with advertising services and was reimbursed for some business expenses. Id. But, in *Ross*, as in the instant case, there was no evidence that a supervisor "controlled the time, manner, and method of executing [the] work." Id.

Accordingly, Larmon has failed to rebut the presumption that Chamlee was an independent contractor. *Ross*, supra at 891. Therefore, the trial court did not err in granting CCR's motion for summary judgment on Larmon's complaint.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MAY 30, 2007.

*Thomas F. Lindsay*, for appellant.
*Minor, Bell & Neal, Dennis D. Watson*, for appellee.